# Exhibit A



# ZURICH INSURANCE COMPANY

## COMPREHENSIVE GENERAL AND AUTOMOBILE LIABILITY POLICY

### PLEASE READ THIS POLICY—GIVE NOTICE OF ACCIDENT AS SOON AS PRACTICABLE

**Named Insured:**
INTERNATIONAL BUSINESS MACHINES CORPORATI(
(SEE END. #1 ATT.)
ARMONK, N. Y.

**Policy Period:**
From DEC. 31, 1964   to DEC. 31, 1965



ALL ACCIDENTS HOWEVER TRIVIAL
SHOULD BE REPORTED IMMEDIATELY

## ZURICH INSURANCE COMPANY

### CHICAGO, ILLINOIS

(A stock insurance company, herein called the company)

Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon th statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### INSURING AGREEMENTS

**I. Coverage A—Bodily Injury Liability.** To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident.

**Coverage B—Property Damage Liability—Automobile.** To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of any automobile

**Coverage C—Property Damage Liability—Except Automobile.** To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident.

**II. Defense, Settlement, Supplementary Payments.** With respect to such insurance as is afforded by this policy, the company shall:

(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

(b) (1) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, the cost of bail bonds required of the insured in the event of automobile accident or automobile traffic law violation during the policy period, not to exceed $100 per bail bond, but without any obligation to apply for or furnish any such bonds; (2) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

(3) pay expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of the accident;

(4) reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request;

and the amounts so incurred, except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy.

**III. Definition of Insured.** The unqualified word "insured" includes the named insured and also includes (1) under coverages A and C, except with respect to the ownership, maintenance or use of automobiles which away from premises owned, rented or controlled by the named insured o the ways immediately adjoining, any executive officer, director or stoc holder thereof while acting within the scope of his duties as such, and an organization or proprietor with respect to real estate management for th named insured, and if the named insured is a partnership, the unqualifie word "insured" also includes any partner therein but only with respect his liability as such, and (2) under coverages A and B, any person whi using an owned automobile or a hired automobile and any person organization legally responsible for the use thereof, provided the actu use of the automobile is by the named insured or with his permission, an any executive officer of the named insured with respect to the use of non-owned automobile in the business of the named insured. The insuranc with respect to any person or organization other than the named insure does not apply under division (2) of this insuring agreement:

(a) with respect to an automobile while used with any trailer owned hired by the insured and not covered by like insurance in the company or with respect to a trailer while used with any automobile owned or hire by the insured and not covered by like insurance in the company;

(b) to any person or organization, or to any agent or employee there operating an automobile sales agency, repair shop, service station, stora garage or public parking place, with respect to any accident arising o of the operation thereof, but this provision does not apply to a resident the same household as the named insured, to a partnership in which suc resident or the named insured is a partner, or to any partner, agent employee of such resident or partnership;

(c) to any employee with respect to injury to or sickness, disease or dea of another employee of the same employer injured in the course of suc employment in an accident arising out of the maintenance or use of automobile in the business of such employer;

(d) with respect to any hired automobile, to the owner, or a lessee there other than the named insured, or to any agent or employee of such own or lessee;

(e) with respect to any non-owned automobile, to any executive office such automobile is owned by him or a member of the same household.

**V. Policy Period, Territory.** This policy applies only to accidents whi occur during the policy period within the United States of America, territories or possessions, or Canada. With respect to automobiles th policy also applies to accidents which occur during the policy period wh the automobile is being transported between ports thereof.

Z 006871

## EXCLUSIONS

This policy does not apply:

(a) to liability assumed by the insured under any contract or agreement except under coverages A and C, (1) a contract as defined herein or (2) as respects the insurance which is afforded for the Products Hazard as defined, a warranty of goods or products;

(b) to injury, sickness, death or destruction due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing, with respect to (1) liability assumed by the insured under any contract or agreement or (2) expenses under Insuring Agreement II (b) (3);

(c) under coverages A and C, to any obligation for which the insured may be held liable in an action on a contract or an agreement by a person not a party thereto;

(d) under coverages A and C, except with respect to operations performed by independent contractors and except with respect to liability assumed by the insured under a contract as defined herein, to the ownership, maintenance, operation, use, loading or unloading of (1) watercraft if the accident occurs away from premises owned by, rented to or controlled by the named insured, except insofar as this part of this exclusion is stated in the declarations to be inapplicable, or (2) aircraft;

(e) under coverages A and C, to liability imposed upon the insured or any indemnitee, as a person or organization engaged in the business of manufacturing, selling or distributing alcoholic beverages, or as an owner or lessor of premises used for such purposes, by reason of any statute or ordinance pertaining to the sale, gift, distribution or use of any alcoholic beverage;

(f) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(g) under coverage A, except with respect to liability assumed by the insured under a contract as defined herein, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of his employment by the insured, other than a domestic employee whose injury arises out of an automobile covered by this policy and for whose injury benefits in whole or in part are not payable or required to be provided under any workmen's compensation law;

(h) under coverage B, to injury to or destruction of property owned or transported by the insured, or property rented to or in charge of the insured other than a residence or private garage injured or destroyed by a private passenger automobile covered by this policy;

(i) under coverage C, except with respect to operations performed by independent contractors and except with respect to liability assumed by the insured under a contract as defined herein, to the ownership, maintenance, operation, use, loading or unloading of automobiles if the accident occurs away from premises owned by, rented to or controlled by the named insured or the ways immediately adjoining;

(j) under coverage C, to injury to or destruction of (1) property owned or occupied by or rented to the insured, or (2) except with respect to liability under sidetrack agreements covered by this policy, property used by the insured, or (3) except with respect to liability under such sidetrack agreements or the use of elevators or escalators at premises owned by, rented to or controlled by the named insured, property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control, or (4) any goods, products or containers thereof manufactured, sold, handled or distributed or premises alienated by the named insured, or work completed by or for the named insured, out of which the accident arises;

(k) under coverage C, to injury to or destruction of buildings or property therein, wherever occurring, arising out of any of the following causes, if such cause occurs on or from premises owned by or rented to the named insured: (1) the discharge, leakage or overflow of water or steam from plumbing, heating, refrigerating or air-conditioning systems, standpipes for fire hose, or industrial or domestic appliances, or any substance from automatic sprinkler systems, (2) the collapse or fall of tanks or the component parts or supports thereof which form a part of automatic sprinkler systems, or (3) rain or snow admitted directly to the building interior through defective roofs, leaders or spouting, or open or defective doors, windows, skylights, transoms or ventilators; but this exclusion does not apply to loss due to fire, to the use of elevators or escalators or to operations performed by independent contractors;

(l) under coverage C, to injury to or destruction of any property arising out of (1) blasting or explosion, other than the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment, or (2) the collapse of or structural injury to any building or structure due (a) to grading of land, excavation, borrowing, filling, back-filling, tunneling, pile driving, coffer-dam work or caisson work, or (b) to moving, shoring, underpinning, raising or demolition of any building or structure or removal or rebuilding of any structural support thereof; provided, however, this exclusion does not apply with respect to liability assumed by the insured under any contract covered by this policy, to operations performed for the named insured by independent contractors or to completed or abandoned operations within the meaning of paragraph 2 of the Products Hazard, and provided further that part (1) or part (2) of this exclusion does not apply to operations stated, in the declarations or in the company's manual, as not subject to such part of this exclusion;

(m) under coverage C, to injury to or destruction of wires, conduits, pipes, mains, sewers or other similar property, or any apparatus in connection therewith, below the surface of the ground, if such injury or destruction is caused by and occurs during the use of mechanical equipment for the purpose of grading of land, paving, excavating or drilling, or to injury to or destruction of property at any time resulting therefrom; provided, however, this exclusion does not apply with respect to liability assumed by the insured under any contract covered by this policy, to operations performed for the named insured by independent contractors, to completed or abandoned operations within the meaning of paragraph 2 of the Products Hazard, or to operations stated, in the declarations or in the company's manual, as not subject to this exclusion.

## CONDITIONS

The conditions, except conditions 4, 5, 6, 7 and 9, apply to all coverages.

1. Premium. The premium bases and rates for the hazards described in the declarations are stated therein. Premium bases and rates for hazards not so described are those applicable in accordance with the manuals in use by the company.

the company of any of its obligations hereunder.

Insurance. If the insured has other insurance against a loss by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability the declarations bears to the total applicable limit of liability of

NESS WHEREOF, the **Zurich Insurance Company** has caused ame shall not be binding upon the company unless countersigned

The advance premium stated in the declarations is an estimated premium only. Upon termination of this policy, the earned premium shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to this insurance. If the earned premium thus computed exceeds the estimated advance premium paid, the named insured shall pay the excess to the company; if less, the company shall return to the named insured the unearned portion paid by such insured

When used as a premium basis:

(1) the word "admissions" means the total number of persons, other than employees of the named insured, admitted to the event insured or to events conducted on the premises whether on paid admission tickets, complimentary tickets or passes;

(2) the word "cost" means the total cost to (a) the named insured with respect to operations performed for the named insured during the policy period by independent contractors, or (b) any indemnitee with respect to any contract covered by this policy, of all work let or sub-let in connection with each specific project, including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or subcontractor, including all fees, allowances, bonuses or commissions made, paid or due;

(3) the word "receipts" means the gross amount of money charged by the named insured for such operations by the named insured or by others during the policy period as are rated on a receipts basis other than receipts from telecasting, broadcasting or motion pictures, and includes taxes, other than taxes which the named insured collects as a separate item and remits directly to a governmental division;

(4) the word "remuneration" means the entire remuneration earned during the policy period by proprietors and by all employees of the named in-

An average percentage reduction is to be computed in accordance with the following table and applied to the premiums for all owned automobiles

| Premium Reduction Table | |
|---|---|
| Number of Licensed Owned Automobiles, Exclusive of Trailers, Insured Hereunder, computed pro rata if less than the policy period | Percentage Reduction |
| 1st | |
| Next | 15 |
| Next | 35 |
| Next | 50 |
| All over 100 | |

Z 006873

Attach endorsements to any ceiling Dec_____

sured, other than drivers of teams or automobiles and aircraft pilots and co-pilots subject to any overtime earnings or limitation of remuneration rule applicable in accordance with the manuals in use by the company;

(5) the word "sales" means the gross amount of money charged by the named insured or by others trading under his name for all goods and products sold or distributed during the policy period and charged during the policy period for installation, servicing or repair, and includes taxes, other than taxes which the named insured and such others collect as a separate item and remit directly to a governmental division;

(6) The words "cost of hire" mean the amount incurred for (a) the hire of automobiles, including the entire remuneration of each employee of the named insured engaged in the operation of such automobiles subject to an average weekly maximum remuneration of $100, and for (b) pick-up, transportation or delivery service of property or passengers performed by motor carriers of property or passengers for hire, other than such services performed by motor carriers which are subject to the security requirements of any motor carrier law or ordinance. The rates for each $100 of "cost of hire" shall be 5% of the applicable hired automobile rates, provided the owner of such hired automobile has purchased automobile Bodily Injury Liability and Property Damage Liability insurance covering the interest of the named insured on a direct primary basis as respects such automobile and submits evidence of such insurance to the named insured.

(7) the words "Class 1 persons" mean the following persons, provided their usual duties in the business of the named insured include the use of non-owned automobiles: (a) all employees, including officers, of the named insured compensated for the use of such automobiles by salary, commission, terms of employment, or specific operating allowance of any sort. (b) all direct agents and representatives of the named insured;

(8) the words "Class 2 employees" mean all employees, including officers, of the named insured, not included in Class 1 persons.

The named insured shall maintain for each hazard records of the information necessary for premium computation on the basis stated in the declarations and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.

**2. Inspection and Audit.** The company shall be permitted to inspect the insured premises, operations, automobiles and elevators and to examine and audit the insured's books and records at any time during the policy period and any extension thereof and within three years after the final termination of this policy, as far as they relate to the premium bases or the subject matter of this insurance.

**3. Definitions.** (a) **Contract.** The word "contract" means, if in writing, a lease of premises, easement agreement, agreement required by municipal ordinance, sidetrack agreement, or elevator or escalator maintenance agreement.

(b) **Automobile.** Except where stated to the contrary, the word "automobile" means a land motor vehicle or trailer as follows:

(1) **Owned Automobile**—an automobile owned by the named insured;

(2) **Hired Automobile**—an automobile used under contract in behalf of, or loaned to, the named insured provided such automobile is not owned by or registered in the name of (a) the named insured or (b) an executive officer thereof or (c) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile;

(3) **Non-Owned Automobile**—any other automobile.

The following described equipment shall be deemed an automobile while towed by or carried on an automobile not so described, but not otherwise if of the crawler-type, any tractor, power crane or shovel, ditch or trench digger; any farm-type tractor; any concrete mixer other than of the mix-in-transit type; any grader, scraper, roller or farm implement; and, if not subject to motor vehicle registration, any other equipment not specified below, which is designed for use principally off public roads.

The following described equipment shall be deemed an automobile while towed by or carried on an automobile as above defined solely for purposes of transportation or while being operated solely for locomotion, but not otherwise if of the non-crawler type, any power crane or shovel, ditch or trench digger; and any air-compressing, building or vacuum cleaning, spraying or welding equipment or well drilling machinery.

(c) **Semitrailer.** The word "trailer" includes semitrailer.

(d) **Private Passenger Automobile.** The term "private passenger automobile" means a private passenger, station wagon or jeep type automobile and also includes any automobile the purposes of use of which are stated in the declarations as "pleasure and business"

(e) **Two or More Automobiles.** The terms of this policy apply separately to each automobile insured hereunder, but a motor vehicle and a trailer or trailers attached thereto shall be held to be one automobile as respects limits of liability.

(f) **Purposes of Use.** The term "pleasure and business" is defined as personal, pleasure, family and business use. The term "commercial"

respect as used principally in the business occupation of the named insured as stated in Item 1, including occasional use for personal, pleasure, farm and other business purposes. Use of an automobile includes the loading and unloading thereof.

**2. Products Hazard.** The term "products hazard" means

1. goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, if the accident occurs after possession of such goods or products has been relinquished to others by the named insured or by others trading under his name and it such accident occurs away from premises owned, rented or controlled by the named insured or on premises for which the classification stated in division a. or the declarations excludes any part of the foregoing; provided, such goods or products shall be deemed to include any container thereof, other than a vehicle, but shall not include any vending machine or any property other than such container, rented to or located for use of others but not sold;

2. operations, including any act or omission in connection with operations performed by or on behalf of the named insured on the premises or elsewhere and whether or not goods or products are involved in such operations, if the accident occurs after such operations have been completed or abandoned and occurs away from premises owned, rented or controlled by the named insured; provided, operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to an agreement; provided further, the following shall not be deemed to be "operations" within the meaning of this paragraph: (a) pick-up or delivery, except from or onto a railroad car, (b) the maintenance of vehicles owned or used by or in behalf of the insured (c) the existence of tools, uninstalled equipment and abandoned or unused materials and (d) operations for which the classification stated in division a. of the declarations specifically includes completed operations.

(h) **Assault and Battery.** Assault and battery shall be deemed an accident unless committed by or at the direction of the insured.

**4. Limits of Liability—Coverage A.** The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by one person as the result of any one accident; the limit of such liability stated in the declarations as applicable to "each accident" is, subject to the above provisions respecting each person, the total limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by two or more persons as the result of any one accident.

**5. Limits of Liability—Coverages B and C.** The limit of property damage liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages arising out of injury to or destruction of all property of one or more persons or organizations including the loss of use thereof, as the result of any one accident.

**6. Limits of Liability—Products—Coverages A and C.** Subject to the limit of liability with respect to "each accident", the limits of bodily injury liability and property damage liability stated in the declarations as "aggregate products" are respectively the total limits of the company's liability for all damages arising out of the products hazard. All such damages arising out of one lot of goods or products prepared or acquired by the named insured or by another trading under his name shall be considered as arising out of one accident.

**7. Limits of Liability—Coverage C.** Subject to the limit of liability with respect to "each accident", the limit of property damage liability stated in the declarations as "aggregate operations" is the total limit of the company's liability for all damages arising out of injury to or destruction of property, including the loss of use thereof, caused by the ownership, maintenance or use of premises, or operations rated on a remuneration premium basis or by contractors' equipment rated on a receipts premium basis.

Subject to the limit of liability with respect to "each accident", the limit of property damage liability stated in the declarations as "aggregate protective" is the total limit of the company's liability for all damages arising out of injury to or destruction of property, including the loss of use thereof, caused by operations performed for the named insured by independent contractors, or general supervision thereof by the named insured, except (a) maintenance and repairs at premises owned by or rented to the named insured and (b) structural alterations at such premises which do not involve changing the size of or moving buildings or other structures.

Subject to the limit of liability with respect to "each accident", the limit of property damage liability stated in the declarations as "aggregate contractual" is the total limit of the company's liability for all damages arising out of injury to or destruction of property, including the loss of use thereof, with respect to liability assumed by the insured under contracts covered by this policy in connection with operations for which there is an "aggregate operations" limit of property damage liability stated in the declarations.

The limits of property damage liability stated in the declarations as "aggregate operations", "aggregate protective" and "aggregate contractual" apply separately to each project with respect to operations being performed away from premises owned by or rented to the named insured.

**8. Severability of Interests.** The term "the insured" is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

**9. Financial Responsibility Laws—Coverages A and B.** When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use during the policy period of any automobile insured hereunder, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

**10. Notice of Accident.** When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

**11. Notice of Claim or Suit.** If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

**12. Assistance and Cooperation of the Insured** The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident.

**13. Action Against Company.** No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder.

**14. Other Insurance.** If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss, provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance.

**15. Subrogation.** In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such right.

**16. Three Year Policy.** A policy period of three years is comprised of three consecutive annual periods. Rates for hazards described in division 1, 2 and 3 of the Description of Hazards are subject to amendment for the second and third annual periods in accordance with the company's rule and rating plans. Amended rates shall be stated by endorsement issued to form a part of the policy. Computation and adjustment of earned premium shall be made at the end of each annual period. Aggregate limit of liability as stated in this policy shall apply separately to each annual period.

**17. Changes.** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy signed by a duly authorized agent of the company.

**18. Assignment.** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the named insured shall die, this policy shall cover (1) the named insured's legal representative as the named insured, and (2) subject otherwise to the provisions of Insuring Agreement III, any person having proper temporary custody of any owned automobile or hired automobile, as an insured, until the appointment and qualification of such legal representative; provided that notice of cancelation addressed to the insured named in the declarations and mailed to the address shown in this policy shall be sufficient notice to effect cancelation of this policy.

**19. Cancelation.** This policy may be canceled by the named insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

If the named insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancelation is effected or as soon as practicable after cancelation becomes effective, but payment or tender of unearned premium is not a condition of cancelation.

**20. Declarations.** By acceptance of this policy the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

IN WITNESS WHEREOF, the **Zurich Insurance Company** has caused this policy to be signed by its United States Manager at Chicago, Illinois, but the same shall not be binding upon the company unless countersigned on the declarations page by a duly authorized agent of the company.

United States Manager.

**Form 919-F**   rev. 12-19-56;   4-17-57;   11-1-57;   9-1-61;   6-1-62.

Z 006872

Comprehensive General and Automobile Liability Policy.

| Series C. A. | Form. 19- F | REN OF |
|---|---|---|

| POLICY NO | | |
|---|---|---|
| 1 | X | 85-06-100 | 8448300 |

AGENCY NO   BROKER NO   BROKER OR SUB AGENT NAME
50-515

AGENCY NAME
JOHNSON & HIGGINS

ENDORSEMENTS ATTACHED
4075-1-C

# ZURICH INSURANCE COMPANY

111 WEST JACKSON BLVD., CHICAGO, ILLINOIS 60604

A stock insurance company herein called the company)

## DECLARATIONS

**Item 1.   Named Insured:**
Name   INTERNATIONAL BUSINESS MACHINES CORPORATION
(SEE END. #1 ATT.)

Address   ARMONK, N. Y.
(No., st.,
town, city,
state)

**Item 2.   Policy Period:**
From DEC. 31, 1964   to DEC. 31, 1965

12:01 A.M., standard time at the address of the named insured as stated herein.

Item 1.   (Continued)

Business of the named insured is **BUSINESS MACHINES**

The named insured is ☐ Individual; ☐ Partnership; ☒ Corporation

Item 3.   The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of the policy having reference thereto.

| Coverages | Limits of Liability | | Advance Premiums |
|---|---|---|---|
| A ~~Bodily~~ Injury Liability (lessual Cul. 3) | 500 | thousand MILLION dollars each person | $ |
| | 1 | MILLION thousand dollars each accident | |
| | 1 | thousand MILLION dollars aggregate products | |
| B   Property Damage Liability—Automobile | 100 | thousand dollars each accident | $ |
| C   Property Damage Liability—Except Automobile | 100 | thousand dollars each accident | $ |
| | 100 | thousand dollars aggregate operations | |
| | 100 | thousand dollars aggregate protective | |
| | 100 | thousand dollars aggregate products | |
| | 100 | thousand dollars aggregate contractual | |

| The three year advance premium (for policy and endorsements attached at issuance of policy) shall be payable: | $ | In advance | Additional premium for endorsements attached at issuance of policy (if any) | $ |
|---|---|---|---|---|
| | $ | 1st anniversary | | |
| | $ | 2nd anniversary | Total Advance Premium   $ 182,100.00 | |

Item 4.   The declarations are completed on attached schedules designated A and B.

Item 5.   The schedules disclose all hazards insured hereunder known to exist at the effective date of this policy, unless otherwise stated herein
**NOT STATED**

Item 6.   The schedules contain a complete list of all automobiles and trailers owned by the named insured at the effective date of this policy and the purposes of use thereof, unless otherwise stated herein:

Item 7.   The schedules contain a complete list of all persons within the definition of Class I persons, at the effective date of this policy, unless otherwise stated herein:

Item 8.   During the past three years no insurer has canceled insurance, issued to the named insured, similar to that afforded hereunder, unless otherwise stated herein:

Item 9.   Complete the following for each location owned, rented or controlled by named insured:

| Location of all Premises owned, rented or controlled by named insured | Named insured is Owner, Gen'l Lessee, Tenant | Part occupied by named insured |
|---|---|---|
| AS PER SCHEDULES IN COMPANY FILES | AS PER SCHEDULES IN COMPANY FILES | AS NECESSARY |

Z 006875

RC:MCM

Countersigned on behalf of ZURICH INSURANCE COMPANY

Duly authorized agent   Victor P. Nigro   BY Margaret Kelly   ATTORNEY IN FACT

Form D-919-D.

THIS DECLARATIONS PAGE IS ISSUED IN CONJUNCTION WITH AND IS A PART OF POLICY SERIES 919

## SCHEDULE A.

| Item 4. Description of Hazards — The rating classifications hereunder do not modify the exclusions or other terms of this policy. | Classification Code No. | Premium Bases | Rates Coverage A | Rates Coverage C | Premiums Coverage A | Premiums Coverage C |
|---|---|---|---|---|---|---|
| (a) Premises—Operations | | (a) Area (sq. ft.) (b) Frontage (c) Remuneration | (a) Per 100 Sq. Ft. (b) Per Linear Foot (c) Per $100 of Remuneration | | | |
| AS PER SCHEDULES IN COMPANY FILES | | | | | | |
| (b) Elevators | | No. Insured | Per Elevator | | | |
| AS PER SCHEDULES IN COMPANY FILES | | | | | | |
| (c) Independent Contractors | | Cost | Per $100 of Cost | | | |
| AS PER SCHEDULES IN COMPANY FILES | | | | | | |
| (d) Products (including completed operations) | | Sales | Per $1,000 of Sales | | | |
| AS PER SCHEDULES IN COMPANY FILES | | | | | | |
| (e) Contracts as defined in Condition 3 | | (a) No. Insured (b) Cost | (a) Per Contract (b) Per $100 | | | |
| AS PER SCHEDULES IN COMPANY FILES | | | | | | |

Minimum Premium   $          Total Advance Premiums  $          $

## SCHEDULE B.

| Item 4. Description of Hazards | | | | | Advance Premiums |
|---|---|---|---|---|---|
| 1. Owned Automobiles | | Premium Basis—Per Automobile | | | Coverage A / Coverage B |

| Town and State in which the Automobile will be Principally Garaged | Year of Model | Trade Name | Body Type & Model; Truck Size; Tank Gallonage Capacity; or Bus Seating Capacity | 1. Serial Number 2. Motor Number 3. Identification No. | Purposes of Use | Coverage A | Coverage B |
|---|---|---|---|---|---|---|---|
| AS PER SCHEDULES IN COMPANY FILES | | | | | | | |

| 2. Hired Automobiles | Premium Basis—Cost of Hire | | | | |
|---|---|---|---|---|---|
| Locations Where Automobiles will be Principally Used | Types Hired | Purposes of Use | Estimated Cost of Hire | Rates Per $100 Cost of Hire Coverage A | Coverage B |
| AS PER SCHEDULES IN COMPANY FILES | | | | | |

| 3. Non-owned Automobiles | Premium Basis—Class 1 Persons and Class 2 Employees | | |
|---|---|---|---|
| Class 1 Persons—Name of Each | Location of Headquarters of Persons Named Herein | | |
| AS PER SCHEDULES IN COMPANY FILES | | | |

| Class 2 Employees—Estimated Average Number | Location of Headquarters of Class 2 Employees | Rates Per Employee Coverage A | Coverage B |
|---|---|---|---|
| AS PER SCHEDULES IN COMPANY FILES | | | |

Total Advance Premiums  $          $

Form S-919-D.

(For use with Comprehensive General and Automobile Liability Policy.)

100  CWH

Z 006876

(                                    (                    ENC. #1

## NAMED INSURED

(1)  INTERNATIONAL BUSINESS MACHINES CORPORATION AND ANY OTHER SUBSIDIARY
     OR AFFILIATED CORPORATION PROVIDED SUCH OTHER SUBSIDIARY OR AFFILIATED
     CORPORATION WARRANTS THAT IT IS UNDER THE SAME OPERATIVE AND FINANCIAL
     CONTROL THROUGH THE IDENTITY OF ITS OFFICERS, DIRECTORS OR STOCKHOLDERS,
     AND ANY EMPLOYEE ASSOCIATIONS THEREOF.

     THE NAME OF INSURED SHALL EXCLUDE THE INTEREST OF THE SERVICE BUREAU
     CORPORATION AND I.B.M. WORLD TRADE CORPORATION, EXCEPT AS RESPECTS
     FOREIGN PRODUCTS - (ITEM 12 OF THIS ENDORSEMENT), AND MALPRACTICE ENDOR-
     SEMENT (ENDORSEMENT #4).

(2)  THE POLICY SHALL INCLUDE AS AN ADDITIONAL INSURED, THE OWNER, LANDLORD,
     GENERAL LESSEE OR LESSEE OF ANY PREMISES LEASED TO THE INSURED WHERE THE
     INSURED HAS AGREED IN WRITING TO PROVIDE LIABILITY INSURANCE FOR OR ON
     BEHALF OF SAID OWNER, LANDLORD, GENERAL LESSEE OR LESSEE.

(3)  THE POLICY SHALL INCLUDE AS ADDITIONAL INSUREDS, THE OWNERS OF VEHICLES
     LEASED TO INTERNATIONAL BUSINESS MACHINES CORPORATION UNDER LONG TERM
     LEASE, BUT SOLELY AS RESPECTS AUTOMOBILE LIABILITY INSURANCE.

(4)  SUCH INSURANCE AS IS AFFORDED BY THE POLICY SHALL EXTEND TO INCLUDE THE
     INTEREST OF EMPLOYEES AS NAMED INSURED, ONLY WHILE ACTING WITHIN THE
     SCOPE OF THEIR EMPLOYMENT EXCEPT, UNDER COVERAGE A & B, WITH RESPECT TO
     AUTOMOBILES OWNED BY EMPLOYEES.

## INSURING AGREEMENTS

OCCURRENCE:  (5)  IT IS AGREED THAT SUCH INSURANCE AS IS AFFORDED BY THE POLICY FOR
                  BODILY INJURY LIABILITY AND FOR PROPERTY DAMAGE LIABILITY APPLIES,
                  SUBJECT TO THE FOLLOWING PROVISIONS:

     1.  IN INSURING AGREEMENT I, THE WORDS "AND CAUSED BY ACCIDENT"
         AND "CAUSED BY ACCIDENT," WHICHEVER APPEAR, ARE DELETED, AND,
         ELSEWHERE THE WORD "ACCIDENT" IS AMENDED TO READ "OCCURRENCE".

     2.  "OCCURRENCE" MEANS AN EVENT WHICH UNEXPECTEDLY CAUSES INJURY
         DURING THE POLICY PERIOD OR A CONTINUOUS OR REPEATED EXPOSURE
         TO CONDITIONS WHICH UNEXPECTEDLY CAUSES INJURY TO PERSONS OR
         TANGIBLE PROPERTY DURING THE POLICY PERIOD.  ALL SUCH EXPOSURE
         TO SUBSTANTIALLY THE SAME GENERAL CONDITIONS EXISTING AT OR
         EMANATING FROM EACH PREMISES LOCATION SHALL BE DEEMED ONE
         OCCURRENCE.

Z 006877

CO-EMPLOYEE: (6) UNDER DEFINITION OF INSURED III PARAGRAPH (C) IS DELETED AT THE OPTION OF THE NAMED INSURED.

HIRED CAR: (7) IT IS AGREED THAT ANY VEHICLE HIRED IN THE NAME OF AN EMPLOYEE OF THE NAMED INSURED FOR USE IN THE BUSINESS OF THE NAMED INSURED SHALL BE DEFINED AS A HIRED AUTOMOBILE UNDER THIS POLICY.

TERRITORY: (8) IT IS AGREED THAT SUCH INSURANCE AS IS AFFORDED BY THE POLICY ALSO APPLIES TO ACCIDENTS OCCURRING OUTSIDE THE UNITED STATES OF AMERICA, ITS TERRITORIES OR POSSESSIONS PROVIDED, HOWEVER, THAT RESULTING CLAIMS OR SUITS ARE BROUGHT WITHIN THE UNITED STATES OF AMERICA.

## EXCLUSIONS

EXCLUSION J: (9) IT IS AGREED THAT EXCLUSION J SUBDIVISION I - OF THE POLICY, IS ELIMINATED AS RESPECTS PROPERTY OTHER THAN OWNED, OR LEASED UNDER A NET LEASE AGREEMENT.

IT IS FURTHER AGREED THAT EXCLUSION J, SUB-DIVISION 3 OF THE POLICY IS DELETED.

EXCLUSION K: (10) IT IS AGREED THAT EXCLUSION K (2) OF THE POLICY, DESCRIBED AS FOLLOWS:

THE COLLAPSE OR FALL OF WATER TANKS OR THE COMPONENT PARTS OR SUPPORTS THEREOF WHICH FORM A PART OF AUTOMATIC SPRINKLER SYSTEMS.

IS HEREBY DELETED FROM THE POLICY.

## CONDITIONS

CONTRACTS: (11) IT IS AGREED THAT CONDITION 3 (A) OF THE POLICY, "DEFINITIONS (A) CONTRACT", IS AMENDED TO READ:

THE WORD "CONTRACT" MEANS, IF IN WRITING, A LEASE OF PREMISES, EASEMENT AGREEMENT, AGREEMENT REQUIRED BY MUNICIPAL ORDINANCE, SIDETRACK AGREEMENT, OR ELEVATOR OR ESCALATOR MAINTENANCE AGREEMENT, AND ALL OTHER WRITTEN CONTRACTS ENTERED INTO BY THE INSURED.

PRODUCTS LEASED OR SOLD: (12) IT IS AGREED THAT AS RESPECTS COVERAGE AFFORDED HEREUNDER, THIS POLICY IS EXTENDED TO APPLY TO ACCIDENTS OCCURRING ANYWHERE IN THE WORLD, SUBJECT TO THE FOLLOWING CONDITIONS:

Z 006878

(            (

1. (A) THE COMPANY SHALL HAVE NO OBLIGATION UNDER INSURING AGREEMENT II-DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS SUB-DIVISION A, WITH RESPECT TO ACCIDENT (S) OCCURRING OUTSIDE OF THE UNITED STATES OF AMERICA, ITS TERRITORIES OR POSSESSIONS, UNLESS THE CLAIM OR SUIT AGAINST THE INSURED WITH RESPECT TO ANY SUCH ACCIDENT (S) IS BROUGHT WITHIN THE UNITED STATES OF AMERICA, ITS TERRITORIES OR POSSESSIONS AND

(B) WITH RESPECT TO ANY CLAIM OR SUIT BROUGHT AGAINST THE INSURED ARISING OUT OF AN ACCIDENT (S) OCCURRING OUTSIDE OF THE UNITED STATES OF AMERICA, ITS TERRITORIES OR POSSESSIONS, THE COMPANY WILL REIMBURSE THE INSURED FOR THE AMOUNT OF ANY EXPENSES INCURRED BY THE INSURED WITH THE CONSENT OF THE COMPANY IN THE DEFENSE OF ANY SUCH SUIT AND SUCH PART OF SUCH JUDGMENT AS DOES NOT EXCEED THE LIMIT OF THE COMPANY'S LIABILITY HEREUNDER INCLUDING ALL COSTS TAXED AGAINST THE INSURED IN ANY SUCH SUIT AND ALL INTEREST ACCRUING AFTER ENTRY OF JUDGMENT UNTIL THE INSURED HAS PAID OR TENDERED OR DEPOSITED IN COURT SUCH PART OF SUCH JUDGMENT AS DOES NOT EXCEED THE LIMIT OF THE COMPANY'S LIABILITY HEREUNDER.  IN THE EVENT THAT ANY SUCH CLAIM OR SUIT IS SETTLED OR COMPROMISED WITH THE CONSENT OF THE COMPANY, THE COMPANY WILL REIMBURSE THE INSURED FOR THE AMOUNT OF SUCH SETTLEMENT IN THE LIMITS OF THE COMPANY'S LIABILITY UNDER THE POLICY, INCLUDING THE EXPENSES INCURRED BY THE INSURED IN THE INVESTIGATIONS, NEGOTIATIONS AND SETTLEMENT OF ANY SUCH CLAIM OR SUIT.

2. NO SETTLEMENT OF ANY CLAIM OR SUIT WITHIN THE SCOPE OF THIS INSURANCE SHALL BE MADE BY THE INSURED WITHOUT THE CONSENT OF THE COMPANY, PROVIDED, HOWEVER, THAT THE COMPANY AGREES THAT SETTLEMENTS CAN BE MADE BY THE INSURED SUBJECT TO A MAXIMUM OF $1,000 INCLUDING THE COMPANY'S LIABILITY FOR ANY ONE ACCIDENT.  HOWEVER SUCH SETTLEMENT SHALL NOT PREJUDICE THE INSURED'S RIGHTS HEREUNDER IN THE EVENT THE SAID SETTLEMENT SHALL BE SET ASIDE OR HELD VOID.

ASSAULT & BATTERY:    (13)  IT IS AGREED THAT THE DEFINITION OF "ASSAULT AND BATTERY" AS DESCRIBED IN CONDITION 3 (H) OF THE POLICY IS AMENDED TO READ:

ASSAULT AND BATTERY SHALL BE DEEMED AN ACCIDENT UNLESS COMMITTED BY OR AT THE DIRECTION OF AN EXECUTIVE OFFICER OF THE NAMED INSURED, PROVIDED THAT ANY ASSAULT AND BATTERY ALLEGED TO HAVE BEEN COMMITTED BY A GUARD IN THE NORMAL COURSE OF HIS EMPLOYMENT SHALL BE DEEMED AN ACCIDENT.

Z 006879

(                                    (

NOTICE TO
COMPANY:      (14)   NOTICE GIVEN BY OR ON BEHALF OF THE INSURED TO ANY AUTHORIZED AGENT OF
THE COMPANY WITH PARTICULARS SUFFICIENT TO IDENTIFY THE INSURED, SHALL
BE DEEMED TO BE NOTICE TO THE COMPANY.  FAILURE TO GIVE SUCH NOTICE
WITHIN THE TIME SPECIFIED IN THE POLICY SHALL NOT INVALIDATE ANY CLAIM
MADE BY THE INSURED IF IT SHALL BE SHOWN NOT TO HAVE BEEN REASONABLY
POSSIBLE TO GIVE SUCH NOTICE WITHIN THE PRESCRIBED TIME AND THAT NOTICE
WAS GIVEN AS SOON AS PRACTICABLE.

THE WORDING "AS SOON AS PRACTICABLE" SHALL MEAN AFTER AN ACCIDENT BE-
COMES KNOWN TO THE MANAGER OF INSURANCE AT THE INSURED'S OFFICE AT
**ARMONK, NEW YORK.**

OTHER
INSURANCE:    (15)   IT IS AGREED THAT CONDITION 14 OF THE POLICY, ENTITLED "OTHER INSURANCE"
IS AMENDED TO READ AS FOLLOWS:

THE INSURANCE AFFORDED BY THIS POLICY SHALL BE EXCESS
OVER ANY OTHER VALID AND COLLECTIBLE INSURANCE.

SUBROGATION:(16)   IN THE EVENT OF ANY PAYMENT UNDER THIS POLICY, THE COMPANY SHALL BE
SUBROGATED TO THE EXTENT OF SUCH PAYMENT, TO ALL THE INSURED'S RIGHTS
OF RECOVERY THEREFORE AND THE INSURED SHALL EXECUTE ALL PAPERS RE-
QUIRED AND SHALL DO EVERYTHING THAT MAY BE NECESSARY TO SECURE SUCH
RIGHTS, BUT THE COMPANY SHALL HAVE NO RIGHTS OF SUBROGATION AGAINST
ANY OWNED OR CONTROLLED, SUBSIDIARY OR AFFILIATED COMPANIES OF THE
NAMED INSURED.  THE COMPANY WILL ACT IN CONCERT WITH ALL OTHER IN-
TERESTS CONCERNED (INCLUDING THE INSURED) IN THE EXERCISE OF SUCH
RIGHTS OF RECOVERY.  IF ANY AMOUNT IS RECOVERED AS A RESULT OF SUCH
PROCEEDINGS SUCH AMOUNT SHALL BE APPORTIONED AS FOLLOWS:

FIRST, ANY INTEREST (INCLUDING THE INSURED) THAT SHALL HAVE PAID
AN AMOUNT OVER AND ABOVE ANY PAYMENT MADE UNDER THIS POLICY SHALL
BE REIMBURSED UP TO THE AMOUNT PAID BY SUCH INTEREST; SECOND, THE
COMPANY SHALL BE REIMBURSED OUT OF THE BALANCE THEN REMAINING, UP
TO THE AMOUNT PAID UNDER THIS POLICY, THIRD; THE INSURED IS EN-
TITLED TO THE RESIDUE.  THE EXPENSE OF ALL PROCEEDINGS NECESSARY
TO THE RECOVERY OF ANY SUCH AMOUNT SHALL BE APPORTIONED BETWEEN
THE INTERESTS CONCERNED (INCLUDING THE INSURED) IN THE RATIO OF
THEIR RESPECTIVE RECOVERIES AS FINALLY SETTLED.  IF THERE SHOULD
BE NO RECOVERY IN PROCEEDINGS INSTITUTED SOLELY ON THE INITIATIVE
OF THE COMPANY, THE EXPENSES THEREOF SHALL BE BORNE BY THE COMPANY.

CANCELLATION:(17)   IT IS AGREED THAT NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED IN
THE POLICY, IF THE COMPANY ELECTS TO CANCEL THIS POLICY, THE COMPANY WILL
MAIL TO THE NAMED INSURED AT THE ADDRESS SHOWN IN THE POLICY, WRITTEN
NOTICE STATING WHEN, NOT LESS THAN THIRTY (30) DAYS THEREAFTER, SUCH
CANCELLATION SHALL BE EFFECTIVE.

Z 006880

SPORTS
ACTIVITIES:    (18) SUCH INSURANCE AS IS AFFORDED BY THE POLICY APPLIES WITHOUT ADDITIONAL PREMIUM CHARGE WITH RESPECT TO THE PARTICIPATION OF THE INSURED'S EMPLOYEES IN ATHLETIC ACTIVITIES, SPORTS OR SOCIAL EVENTS UNDER THE SPONSORSHIP, SUPERVISION OR CONTROL OF THE INSURED, UNDER THE INSURED'S NAME AND WITH THE INSURED'S CONSENT WHEREVER SUCH ACTIVITIES MAY TAKE PLACE.

COUNTERSIGNED _Victor P. Nigro_    BY _Maryann Kelly_
                DULY AUTHORIZED AGENT            ATTORNEY IN FACT

Z 006881

(                                    (                    END. #2

The provisions of this endorsement do not apply with respect to insurance afforded under Endorsement Form No._____

## NUCLEAR ENERGY EXCLUSION ENDORSEMENT
### (COMBINATION BROAD FORM)

| POLICY NO. | EFFECTIVE DATE | AGENCY NO. |
|------------|----------------|------------|
| 8506100 | | |

Named Insured

This endorsement is issued by the                                     ZURICH          Insurance Company which is the insure:
under the policy designated above issued to the Named Insured and forms a part of the said policy as of the effective date hereo:
at the hour stated in the policy Declarations.

It is agreed that the policy does not apply:
I. Under any Liability Coverage, to injury, sickness, disease, death or destruction
(a) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued b·
Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Assc
ciation of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit c
liability; or
(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization
required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2
the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or an
agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person c
organization.
II. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to immediate medic:
or surgical relief, to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardou
properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

(Continued on reverse side)

Countersigned...._____ BY_____
               Duly authorized agent                    ATTORNEY IN FACT
(For use with policy forms: Zurich—515, 906, 913, 914, 915, 916, 917, 919, 920, 924, 1012, 1020, 1021, 1028 and Am. Guar.—7006, 7012, 7013, 701
7015, 7016, 7017, 7018, 7020, 7021, 7031, 7033, 7040, 7041.)

Form 4075-1-C.

                    100 d#H

                                                    Z 006882

END. #3

| POLICY NO. | EFFECTIVE DATE | AGENCY NO. | ADD'L.PREMIUM | RETURN PREMIUM |
|---|---|---|---|---|
| 8506100 | | | $ INCL. IN | $ |

Named Insured · COMPOSITE RATE

This endorsement is issued by that company named below which is the insurer under the policy designated above issued to the Named Insured and forms a part of said policy as of the effective date hereof, at the hour stated in the policy Declarations.

## PERSONAL INJURY COVERAGE

IT IS AGREED THAT SUCH INSURANCE AS IS AFFORDED BY THE POLICY APPLIES SUBJECT TO THE FOLLOWING PROVISIONS:

(1) THE TERM "BODILY INJURY" WHEREVER USED SHALL INCLUDE INJURY ARISING OUT OF THE FOLLOWING HAZARDS:

(A) FALSE ARREST, MALICIOUS PROSECUTION, OR WILFUL DETENTION OR IMPRISONMENT.
(B) LIBEL, SLANDER OR DEFAMATION OF CHARACTER.
(C) INVASION OF THE RIGHT OF PRIVACY.

THE WORD "ACCIDENT" WHEREVER USED SHALL INCLUDE INJURY COVERED BY THIS ENDORSEMENT.

(2) THE INSURANCE DOES NOT APPLY:

(A) TO LIABILITY ASSUMED BY THE INSURED UNDER ANY CONTRACT OR AGREEMENT;
(B) TO INJURY CAUSED BY THE WILFUL VIOLATION OF A PENAL STATUTE OR ORDINANCE COMMITTED BY OR WITH THE KNOWLEDGE OR CONSENT OF AN INSURED;
(C) TO ACTS COMMITTED IN CONNECTION WITH ADVERTISING, BROADCASTING OR TELE-CASTING BY OR IN THE INTERESTS OF THE NAMED INSURED;

THE EXCLUSIONS OF THE POLICY DO NOT APPLY TO THIS ENDORSEMENT.

(3) THE LIMIT OF LIABILITY STATED BELOW AS APPLICABLE TO "EACH PERSON" IS THE LIMIT OF THE COMPANY'S LIABILITY HEREUNDER FOR ALL DAMAGES ON ACCOUNT OF INJURY SUSTAINED BY ONE PERSON OR ORGANIZATION, AND THE LIMIT OF LIABILITY STATED BELOW AS "AGGREGATE" IS, SUBJECT TO THE ABOVE PROVISIONS RESPECTING EACH PERSON, THE TOTAL LIMIT OF THE COMPANY'S LIABILITY HEREUNDER FOR ALL DAMAGES. THE FOREGOING LIMITS APPLY TO ALL DAMAGES COVERED BY THIS ENDORSE-MENT, WHETHER OR NOT THE POLICY APPLIES TO SUCH DAMAGES IN THE ABSENCE THERE-OF, AND THE LIMITS STATED IN THE DECLARATIONS DO NOT APPLY TO SUCH DAMAGES.

LIMITS OF LIABILITY:

$ 500,000 EACH PERSON
1,000,000 AGGREGATE

ZURICH INSURANCE COMPANY
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

United States Manager (Zurich)
President (American Guarantee)

Countersigned

ATTORNEY IN FACT

Secretary (American Guarantee)

Form 116-G    Z 006883

END. #4
PG. 1

| POLICY NO. | EFFECTIVE DATE | AGENCY NO. | ADD'L. PREMIUM | RETURN PREMIUM |
|---|---|---|---|---|
| 8506100 | | | $ INCL. IN | $ |

COMPOSITE RATE

Named Insured

This endorsement is issued by that company named below which is the insurer under the policy designated above issued to the Named Insured and forms a part of said policy as of the effective date hereof, at the hour stated in the policy Declarations.

## MALPRACTICE ENDORSEMENT

IT IS AGREED THAT SUCH INSURANCE AS IS AFFORDED BY THIS POLICY IS EXTENDED TO COVER:

INJURY, SHOCK OR MENTAL ANGUISH INCLUDING DEATH AT ANY TIME RESULTING THEREFROM, SUSTAINED DURING THE POLICY PERIOD BY ANY PERSON, WHETHER OR NOT ENGAGED IN THE EMPLOYMENT OF THE INSURED, AND ARISING OUT OF MAL-PRACTICE, ERROR OR MISTAKE COMMITTED (A) IN THE RENDERING OR FAILING TO RENDER MEDICAL, DENTAL, SURGICAL OR NURSING SERVICE OR TREATMENT, OR (B) THE FURNISHING OR DISPENSING OF DRUGS, OR MEDICAL, DENTAL OR SURGI-CAL SUPPLIES OR APPLIANCES IF THE ACCIDENT OCCURS AFTER THE INSURED HAS RELINQUISHED POSSESSION THEREOF TO OTHERS, OR (C) THE RENDERING OR FAIL-URE TO RENDER SERVICES OR TREATMENT BY INDUSTRIAL PSYCHOLOGISTS.

SUCH INSURANCE AS IS AFFORDED BY THIS ENDORSEMENT SHALL EXTEND TO INCLUDE THE IN-TEREST OF PHYSICIANS AND NURSES EMPLOYED BY THE NAMED INSURED AS A NAMED INSURED, ONLY WHILE ACTING WITHIN THE SCOPE OF EMPLOYMENT AND WHILE PERFORMING DUTIES IN HOSPITALS AND CLINICS AGREED TO BY THE NAMED INSURED.

## EXCLUSIONS

SUCH INSURANCE AS IS AFFORDED BY THIS ENDORSEMENT SHALL NOT APPLY TO:

(A) INJURY ARISING OUT OF THE PERFORMANCE OF A CRIMINAL ACT OR CAUSED BY A PERSON WHILE UNDER THE INFLUENCE OF INTOXICANTS OR NARCOTICS.

(B) LIABILITY OF OTHERS ASSUMED BY THE INSURED UNDER ANY CONTRACT OR AGREEMENT OR LIABILITY ASSUMED BY THE INSURED UNDER ANY AGREEMENT GUARANTEEING THE RESULT OF ANY TREATMENT.

(C) ANY USE OF X-RAY APPARATUS FOR THERAPEUTIC TREATMENT.

(D) LIABILITY OF THE INSURED AS PROPRIETOR, SUPERINTENDENT OR EXECUTIVE OFFICER OF ANY HOSPITAL, SANITARIUM, CLINIC WITH BED AND BOARD FACILITIES OR BUSINESS ENTERPRISES.

ZURICH INSURANCE COMPANY
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

United States Manager (Zurich)
President (American Guarantee)

Countersigned

BY _____
ATTORNEY IN FACT

Secretary (American Guarantee)

Form 116-G

Z 006884

( ( END. #4
PG. 2

| POLICY NO | EFFECTIVE DATE | AGENCY NO | ADD'L.PREMIUM | RETURN PREMIUM |
|---|---|---|---|---|
| 3506100 | | | $ | $ |

Named Insured

This endorsement is issued by that company named below which is the insurer under the policy designated above issued to the Named Insured and forms a part of said policy as of the effective date hereof, at the hour stated in the policy Decl. at is

(E) ANY OBLIGATION FOR WHICH THE INSURED OR ANY CARRIER AS HIS INSURER MAY BE HELD LIABLE UNDER ANY WORKMEN'S COMPENSATION, UNEMPLOYMENT COMPENSATION OR DISABILITY BENEFITS LAW OR UNDER SIMILAR LAW.

(F) THE OWNERSHIP, MAINTENANCE, USE, LOADING OR UNLOADING OF ANY MOTOR VEHICLE, TRAILER, SEMI-TRAILER, WATERCRAFT OR AIRCRAFT.

THE EXCLUSIONS OF THE POLICY DO NOT APPLY TO THIS ENDORSEMENT.

CONDITIONS

(1) SUCH INSURANCE AS IS AFFORDED BY THIS ENDORSEMENT SHALL BE EXCESS INSURANCE OVER ANY VALID AND COLLECTIBLE INSURANCE AVAILABLE TO THE INSURED.

(2) LIMITS OF LIABILITY: THE LIMIT OF LIABILITY STATED BELOW AS APPLICABLE TO "EACH PERSON" IS THE LIMIT OF THE COMPANY'S LIABILITY HEREUNDER FOR ALL DAMAGES ON ACCOUNT OF INJURY SUSTAINED BY ONE PERSON, AND THE LIMIT OF LIABILITY STATED BELOW AS "AGGREGATE" IS, SUBJECT TO THE ABOVE PROVISION RESPECTING EACH PERSON, THE TOTAL LIMIT OF THE COMPANY'S LIABILITY HEREUNDER FOR ALL DAMAGES. THE FOREGOING LIMITS APPLY TO ALL DAMAGES COVERED BY THIS ENDORSEMENT, WHETHER OR NOT THE POLICY APPLIES TO SUCH DAMAGES IN THE ABSENCE THEREOF, AND THE LIMITS STATED IN THE DECLARATIONS DO NOT APPLY TO SUCH DAMAGES.

LIMITS OF LIABILITY:

$ 500,000 EACH PERSON
1,000,000 AGGREGATE

ZURICH INSURANCE COMPANY
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

United States Manager (Zurich)
President (American Guarantee)

Countersigned _____ By _____
ATTORNEY IN FACT

Secretary (American Guarantee)

Form 116-G    100 M 63    100 d#M

Z 006885

END. #5

## MEDICAL PAYMENTS ENDORSEMENT

| POLICY NO. | EFFECTIVE DATE | AGENCY NO. | ADD'L. PREMIUM |
|---|---|---|---|
| 8506100 | | | $ INCL. IN COMPOSITE RATE |

Named Insured:

This endorsement is issued by that company named below which is the insurer under the policy designated above issued to the Named Insured and forms a part of said policy as of the effective date hereof, at the hour stated in the policy Declarations.

### Schedule

| Description of Hazards | Code Number | Premium Bases | Rates | Advance Premiums |
|---|---|---|---|---|
| | | (a) Area (sq. ft.) (b) Frontage (c) Remuneration (d) Number (e) | (a) Per 100 sq. ft. of area (b) Per linear foot (c) Per $100 remuneration (d) Per elevator (e) | |

EXCLUSION "B" OF THIS ENDORSEMENT IS HEREBY VOIDED.

IT IS AGREED THAT THIS ENDORSEMENT APPLIES ONLY AT LOCATIONS COVERED UNDER THIS POLICY AT ENDICOTT, POUGHKEEPSIE, SANDS POINT AND KINGSTON, NEW YORK AS RESPECTS COUNTRY CLUBS, AND HOMESTEAD OPERATIONS ON OR OFF THE PREMISES, OR ANY COUNTRY CLUB OR HOMESTEAD WHICH MAY BE ACTIVATED IN THE FUTURE.

IT IS FURTHER AGREED THAT SUCH INSURANCE AS IS AFFORDED BY THIS ENDORSEMENT SHALL APPLY TO ORGANIZED SOCIAL ACTIVITIES OF THE OTHER I.B.M. PLANT CLUBS, ON OR OFF PREMISES AS RESPECTS FIELD DAYS AND CHRISTMAS PARTIES.

Limits of Liability: $ 2,000.00    each person $ 25,000.00    each accident

The company agrees with the named insured to pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident and arising out of the ownership, maintenance or use of premises by the named insured and the ways immediately adjoining, or operations of the named insured, subject to the following provisions:

(Continued on reverse side)

ZURICH INSURANCE COMPANY
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

Countersigned ...Victor P. Viero... BY ...Margaret Kelly...
           Duly authorized agent        ATTORNEY IN FACT

Form 2657-D.  10M 4-62    (For use with policy series 916, 917, 919, 7016, 7031 and 7035)

Z 006886

END. #6

## AUTOMOBILE MEDICAL PAYMENTS

| POLICY NO. | EFFECTIVE DATE | AGENCY NO. | ADD'L. PREMIUM |
|------------|----------------|------------|----------------|
| 8506100 | | | $ INCL. IN COMPOSITE RATE |

Named Insured

IT IS AGREED THAT THE PROVISIONS OF ENDORSEMENT FORM 4075-I-C APPLY TO THIS ENDORSEMENT

This endorsement is issued by that company named below which is the insurer under the policy designated above issued to the Named Insured and forms a part of said policy as of the effective date hereof, at the hour stated in the policy Declarations.

**Designation of Automobiles For Purposes of Division 1:**

(1) ☐ Any owned automobile — Estimated Premium $

(2) ☐ *Any hired automobile — Estimated Premium $

(3) ☒ *Any licensed owned private passenger automobile — Estimated Premium $ INCL. IN COMPOSITE RATE

(4) ☐ *Any automobile designated in the declarations by the letters "M.P." — Premium $

(5) ☐ *Any automobile designated in this endorsement — Premium $

| Year | Trade Name | Body | Motor/Serial No. |
|------|-----------|------|------------------|

(6) ☐ Any non-owned automobile, if insurance for the use thereof is afforded under Coverage A of the policy — Estimated Premium $

(7) ☐ Any automobile within the Automobile Hazard defined in the Garage endorsement — Estimated premium $ **

** % of Bodily Injury Liability Premium under Garage endorsement.

(8) ☐ Any automobile within the Automobile Hazard defined in the Garage endorsement while being used by the individual named below, subject to the limit of liability specified below with respect to each such named individual. — Premium $

Name of Individual — Limit of Liability each person

*The premium reduction percentage determined in accordance with the premium reduction table does not apply to this insurance.

### SCHEDULE

Designated Person Insured

Limit of Liability
$ 2,000  each person

(Continued on reverse side)

Countersigned by duly authorized agent

Victor P. Nigro _____ Thomas J. Kelly

Form 2641-K

(For use with policy series 919, 1028, 7017 and 7031.)

ZURICH INSURANCE COMPANY
AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY

Z 006887

END. #7

## FAMILY PROTECTION COVERAGE
(Protection Against Uninsured Motorists)
(Automobile Bodily Injury Liability)

| POLICY NO | EFFECTIVE DATE | AGENCY NO. | ADVANCE PREMIUM $ |
|---|---|---|---|
| 8506100 | | | INCL. IN |

COMPOSITE RATE

Named Insured

This endorsement is issued by that company named below which is the insurer under the policy designated above issued the Named Insured and forms a part of said policy as of the effective date hereof, at the hour stated in the policy Declarations

ALL AUTOMOBILES GARAGED IN
THE STATE OF CALIFORNIA                    Schedule

Designation of named insured for purposes of this endorsement (see Insuring Agreement II (a))

Limits of Liability: $ 10,000    each person: $ 20,000    each accident

Description of Insured Automobiles: (Check appropriate box)

☒ Any automobile owned by the principal named insured.

☐ Any private passenger type automobile owned by the principal named insured.

☐ Any automobile to which are attached Dealer's Automobile Registration Plates issued in the name of the principal named insured.

☐ Any automobile designated in the declarations of the policy by the letters "UM" and an automobile ownership of which is acquired during the policy period by the principal named insured as a replacement therefor

In consideration of the payment of the premium for this endorsement and subject to all of the terms of this endorsement, the company agrees with the named insured as follows:

### Insuring Agreements

I. **Damages for Bodily Injury Caused by Uninsured Automobiles.** The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.

II. **Definitions**

(a) **"insured"** means:
(1) the named insured as stated in the policy (herein also referred to as the "principal named insured") and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either:
(2) any other person while occupying an insured automobile; and
(3) any person, with respect to damages he is entitled to recover because of bodily injury to which this endorsement applies sustained by an insured under (1) or (2) above.
The insurance applies separately with respect to each insured, but the application of the insurance to more than one insured shall not operate to increase the limits of the company's liability.

(b) **"insured automobile"** means an automobile:
(1) described in the schedule as an insured automobile to which the bodily injury liability coverage of the policy applies;
(2) while temporarily used as a substitute for an insured automobile as described in subparagraph (1) above, when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction:
(3) while being operated by a named insured or by his spouse if a resident of the same household;
but the term "insured automobile" shall not include:
(i) an automobile while used as a public or livery conveyance;
(ii) an automobile while being used without the permission of the owner;
(iii) under subparagraphs (2) and (3) above, an automobile owned by the principal named insured or by any named insured designated in the schedule or by any resident of the same household as such insured; or
(iv) under subparagraphs (2) and (3) above, an automobile furnished for the regular use of the principal named insured or any resident of the same household.

(c) **"uninsured automobile"** means:
(1) an automobile with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder; or
(2) a hit-and-run automobile as defined;
but the term "uninsured automobile" shall not include:
(i) an insured automobile,
(ii) an automobile which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law,
(iii) an automobile which is owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing,
(iv) a land motor vehicle or trailer if operated on rails or crawler-treads or while located for use as a residence or premises and not as a vehicle, or
(v) a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads.

(Continued on reverse side)

Countersigned by duly authorized agent

J N Hansen    Mainard Kiss
ATTORNEY IN FACT

(For use with policy series 617, 919, 1012, 1020, 1021, 1028, 7012, 7017, 7020, 7021, 7031 and 7035)

ZURICH INSURANCE COMPANY
AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY

Form 2743-B   30M  8-64

Z 006888

END. #8

## NEW YORK AUTOMOBILE ENDORSEMENT

| POLICY NO | EFFECTIVE DATE | AGENCY NO. | ADD'L PREMIUM |
|---|---|---|---|
| 8506100 | | | $ INCL. IN |

COMPOSITE RATE

Named Insured

These endorsements are issued by that company named below which is the insurer under the policy designated above issued the Named Insured and form a part of said policy as of the effective date hereof, at the hour stated in the policy Declarations

---

### AMENDMENT OF CANCELATION CONDITION — NEW YORK

It is agreed that in the second sentence of the Cancelation Condition, the word "ten" is replaced by "twenty" and the following added thereto

"provided in the event of non-payment of premium, such notice shall state when not less than ten days thereafter such cancelation shall be effective."

---

### LIMITATION OF FAMILY PROTECTION AGAINST UNINSURED MOTORISTS COVERAGE — NEW YORK

It is agreed that such insurance as is afforded by the policy or by any endorsement used therewith, other than the New York Automobile Accident Indemnification Coverage, with respect to damages which the insured shall become legally entitled to recover from the owner or operator of an uninsured automobile, does not apply to any accident occurring within the State of New York.

---

### NEW YORK AUTOMOBILE ACCIDENT INDEMNIFICATION ENDORSEMENT

The company, on behalf of the Motor Vehicle Accident Indemnification Corporation, hereinafter called "MVAIC". agrees with the named insured, in consideration of the payment of the premium for this endorsement and subject to all terms of this endorsement:

**Insuring Agreements**

1. **Damages for Bodily Injury Caused by Uninsured Automobiles.** MVAIC will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purpose of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages and if so the amount thereof, shall be made by agreement between the insured or such representative and MVAIC or, if they fail to agree, by arbitration.

2. **Definitions.** (a) **Insured.** The unqualified word "insured" means
(1) the named insured and, while residents of the same household, his spouse and the relatives of either;
(2) any other person while occupying
(i) an automobile owned by the named insured or, if the named insured is an individual, such spouse and used by or with the permission of either, or
(ii) any other automobile while being operated by the named insured or such spouse,
except a person occupying an automobile not registered in the State of New York, while used as a public or livery conveyance; and
(3) any person, with respect to damages he is legally entitled to recover for care or loss of services because of bodily injury to which this endorsement applies.

(b) **Uninsured Automobile.** The term "uninsured automobile" means:
(1) an automobile with respect to the ownership, maintenance or use of which there is, in the amounts specified in the New York Motor Vehicle Financial Security Act, neither (i) cash or securities on deposit with the New York Commissioner of Motor Vehicles nor (ii) a bodily injury liability bond or insurance policy, applicable to the accident with respect to any person or organization legally responsible for the use of such automobile; or
(2) a hit-and-run automobile as defined;
but the term "uninsured automobile" shall not include:
(i) an automobile owned by the named insured or spouse;
(ii) an automobile which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;
(iii) an automobile which is owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing;
(iv) a land motor vehicle or trailer, if operated on rails or crawler-treads or while located for use as a residence or premises and not as a vehicle; or
(v) a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads.
(c) **Hit-and-Run Automobile.** The term "hit-and-run automobile" means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or the owner of such "hit-and-run automobile" (2) the insured or someone on his behalf shall have reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with MVAIC within 90 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof, and (3) at the request of MVAIC, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident.

(Continued on reverse side)

---

ZURICH INSURANCE COMPANY
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

Countersign _Victor P. Nigro_  _Maureen Kelly_
Duly authorized agent   ATTORNEY IN F

Form 3321.

Z 006889

(                    (                    END. #

## LIMITATION OF INSURANCE—NEW YORK REGISTERED MOTOR VEHICLES

| POLICY NO. | EFFECTIVE DATE |
|------------|----------------|
| 8506100 |  |

Named Insured

This endorsement is issued by that company named below which is the insurer under the policy designated above issued to the Named Insured and forms a part of said policy as of the effective date hereof, at the hour stated in the policy Declarations.

It is agreed that:

1. In the exclusion of the policy pertaining to automobile accidents away from premises, the word "automobile" means any automobile as defined in the policy and also includes, while in locomotion upon a public highway, any other motor vehicle subject to New York motor vehicle registration if the accident arises out of such locomotion.

2. Regardless of whether the accident occurs on or away from premises, the policy does not apply **UNDER COVERAGE C** to the ownership, maintenance, operation, use, loading or unloading of any asphalt or tar spreader, concrete mixer, road grader, oiler, roller, scraper, combination dirt mover and scraper unit, or railroad, dock or industrial truck, registered in New York as a motor vehicle, but this exclusion does not apply to such insurance as is afforded by the policy with respect to (a) operations performed for the named insured by independent contractors or (b) liability assumed by the insured under a contract or agreement. An industrial truck is any specially constructed truck or tractor unit, usually a low four-wheel gas or electric truck, designed for use principally on the insured's premises.

3. When used as a premium basis, the word "remuneration" shall not include any remuneration of the driver of any equipment described above.

ZURICH INSURANCE COMPANY
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

Countersigned........................... BY.................................
       Duly authorized agent    ATTORNEY IN FACT

**Z 006890**

Form 4078-A

(For use with policy series 913, 916, 919, 7013, 7016 and 7031)

NOTE  When this endorsement is used with a Comprehensive General-Automobile Liability policy type the words "under Coverage C" in the blank space in paragraph 2  When used with a Manufacturers' & Contractors' or Comprehensive General Liability policy leave such space blank

100  CMH

END. #9

| POLICY NO. | EFFECTIVE DATE | AGENCY NO. | ADD'L.PREMIUM | RETURN PREMIUM |
|---|---|---|---|---|
| 8506100 | | | $ INCL. IN | $ |

COMPOSITE RATE

Named Insured

This endorsement is issued by that company named below which is the insurer under the policy designated above issued to the Named Insured and forms a part of said policy as of the effective date hereof, at the hour stated in the policy Decl at ns.

IT IS AGREED THAT IN ADDITION TO THE PREMIUM OTHERWISE DEVELOPED BY THE POLICY A FIXED BASIC CHARGE PER POLICY (NOT SUBJECT TO DISCOUNT) SHALL BE MADE FOR INCREASED LIMITS OF LIABILITY AS FOLLOWS:

BODILY INJURY LIABILITY:

EACH ADDITIONAL $100,000 OR FRACTION THEREOF, PER ACCIDENT, ABOVE $300,000 PER ACCIDENT.    $5.00

PROPERTY DAMAGE LIABILITY:

EACH ADDITIONAL $50,000 OR FRACTION THEREOF, PER ACCIDENT, ABOVE $50,000 PER ACCIDENT.    $5.00

THE ABOVE BASIC CHARGES APPLY FOR ONE YEAR OR LESS AND ARE NOT SUBJECT TO SHORT RATE ADJUSTMENT.

ADDITIONAL PREMIUM:    B.I. $35.00
                       P.D. EXCEPT AUTO - $5.00

ZURICH INSURANCE COMPANY
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

United States Manager (Zurich)
President (American Guarantee)

Countersigned _____  BY _____
                              ATTORNEY IN FACT

Secretary (American Guarantee)

Form 116-G

Z 006891

END. #11

| POLICY NO. | EFFECTIVE DATE | AGENCY NO | ADD'L.PREMIUM | RETURN PREMIUM |
|---|---|---|---|---|
| 8506100 | | | $ | $ |

Named Insured

This endorsement is issued by that company named below which is the insurer under the policy designated above issued to the Named Insured and forms a part of said policy as of the effective date hereof. at the hour stated in the policy Declarations.

IT IS AGREED THAT THE PREMIUMS INDICATED ARE ESTIMATED AND THAT THEY SHALL BE ADJUSTED IN ACCORDANCE WITH MANUAL RATES AND ARE SUBJECT TO THE ATTACHMENT OF SCHEDULES, ETC. AT A LATER DATE.

ZURICH INSURANCE COMPANY
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

United States Manager (Zurich)
President (American Guarantee)

Countersigned

Secretary (American Guarantee)

Form 116-G

**Z 006892**

END. #12

| POLICY NO | EFFECTIVE DATE | AGENCY NO | ADD'L.PREMIUM $ | RETURN PREMIUM $ |
|-----------|----------------|-----------|-----------------|------------------|
| 8506100 | | | | |

Named Insured

This endorsement is issued by that company named below which is the insurer under the policy designated above issued to the Named Insured and forms a part of said policy as of the effective date hereof, at the hour stated in the policy Declarations.

## PREMIUM COMPUTATION ENDORSEMENT

THE PREMIUM FOR SUCH INSURANCE AS IS AFFORDED BY THE POLICY SHALL BE COMPUTED BY APPLYING TO EACH $1,000 OF WORKMEN'S COMPENSATION PAYROLL, THE COMPOSITE RATE ESTABLISHED FOR THE POLICY.

| EST. ANN. PAYROLL | COMPOSITE RATES | EST. PREMIUM |
|-------------------|-----------------|--------------|
| 856,000,000 | .21273 | $182,100.00 |

ZURICH INSURANCE COMPANY
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

Countersigned  Victor P. Nigro        BY _Margaret Kelly_
                    ATTORNEY IN FACT
                    Licensed agent

United States Manager (Zurich)
President (American Guarantee)

Secretary (American Guarantee)

Form 116-G

Z 006893

END. #17

| POLICY NO<br>8506100 | EFFECTIVE DATE<br>OCT. 15, 1965 | AGENCY NO.<br>50-515 | ADD'L. PREMIUM<br>$ 158.25 | RETURN PREMIUM<br>$ |
|---|---|---|---|---|

Named Insured    INTERNATIONAL BUSINESS MACHINES CORPORATION, ETAL

This endorsement is issued by that company named below which is the insurer under the policy designated above issued to the Named Insured and forms a part of said policy as of the effective date hereof, at the hour stated in the policy Declarations.

IT IS AGREED THAT SUCH INSURANCE AS IS AFFORDED BY THE POLICY FOR BODILY INJURY LIABILITY AND FOR PROPERTY DAMAGE LIABILITY, IS HEREBY MADE TO APPLY TO ALL EMPLOYEES OF THE NAMED INSURED BUT ONLY AS RESPECTS THE USE OF UNITED STATES GOVERNMENT VEHICLES LOCATED AT KENNEDY SPACE CENTER, FLORIDA AND IN CONJUNCTION WITH THE INSURED'S PERFORMANCE IN ACTING AS A SUBCONTRACTOR FOR THE NATIONAL AERONAUTICAL SPACE ADMINISTRATION.

JOHNSON & HIGGINS
CBM:BW

United States Manager (Zurich)
President (American Guarantee)

Secretary (American Guarantee)

ZURICH INSURANCE COMPANY
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

Countersigned

Duly authorized agent
by _____
ATTORNEY IN FACT

(Use only for general liability, automobile, burglary and glass coverages and Compensation policies.

FORM 116-1 G  100M  4.63

Z 006894