# Exhibit B

POLICY DATA BLOCK · 3-307...A

| CO (20) | PR. RES (21-22) | P | A (25) | ECON STAT (26-29) | STATE (30-31) | PLACE (32-35) |
|---|---|---|---|---|---|---|
| | 58 | | | | | 5 |

Johnson & Higgins   #030- 034344

N. O. COPY

# CONTINENTAL CASUALTY COMPANY

### Chicago, Illinois

**INCORPORATED BY THE STATE OF ILLINOIS AS A STOCK COMPANY**
**HEREINAFTER CALLED THE COMPANY**



~~NEW YORK BRANCH~~

UMBRELLA EXCESS THIRD PARTY LIABILITY POLICY

030 5206    MAR 12 88

DECLARATIONS

Renewal of RD 9433466
Policy No. RDU 9433884

Item 1.  Named Insured: **International Business Machines Corp. (See Endt. #1)**

P. O. Address: **Armonk, New York**

Item 2.  Policy Period: From **November 1, 1967** To **November 1, 1970**
(12:01 A.M. Standard Time at the address of the Insured stated above)

Item 3.  Limit of Liability:  The limit of the Company's liability shall be as stated herein subject to all the terms of this policy having reference thereto

(A)  $**2,000,000.** Single Limit any one occurrence combined Personal Injury and/or Property Damage and/or Advertising Liability

in excess of

(1)  the amount recoverable under the underlying insurance as set out in the attached schedule **(See Endt. # 2)**

or

(2)  $ **25,000.** ultimate net loss in respect of each occurrence not covered by said underlying insurance.

(B)  $**2,000,000.** in the aggregate for each annual period in accordance with Insuring Agreement 2 (c)

Item 4.  Premium Computation:

| Premium Basis | Estimated Exposure | Rate | Estimated Premium |
|---|---|---|---|
| Flat Charge For Three Years | | | $29,087.40 |

Deposit Premium $**29,087.40** Minimum Premium $**29,087.40** Audit Period **None**
(3 years)

Date of Issue **2/21/68 cer**       Countersigned by _____

Licensed Resident Agent

P1-40102-A

POLICY DATA BLOCK

15209

*RDU 9433884*
*11-1-67 to 11-5-70*      *2,000,000*

# CONTINENTAL CASUALTY COMPANY

## *Chicago, Illinois*

### INCORPORATED BY THE STATE OF ILLINOIS AS A STOCK COMPANY
### HEREINAFTER CALLED THE COMPANY

Agrees with the Named Insured specified in the Declarations, made a part hereof, subject to the limitations, terms and conditions hereinafter mentioned:

### INSURING AGREEMENTS

1. **Coverage**

   To indemnify the Insured for all sums which the Insured shall be obligated to pay by reason of the liability,

   (a) imposed upon the Insured by law,

       or

   (b) assumed by the Insured under contract or agreement but only in respect of operations by or on behalf of the Named Insured,

   for damages, direct or consequential, and expenses, all as defined by the term "ultimate net loss" on account of,

       Personal Injuries, including death at any time resulting therefrom;  or

       Property Damage;  or

       Advertising Liability,

   caused by or arising out of each occurrence.

2. **Limit of Liability**

   (a) The Company shall only be liable for the ultimate net loss in  excess of either,

       (1) the amount recoverable under underlying insurance as set out in the attached schedule,

         or

       (2) the amount stated in Item 3(A) (2) of the policy declarations, ultimate net loss in respect of each occurrence not covered by said underlying insurance,

P1-40103-A

hereinafter called the underlying limits,
and then only up to an amount not exceeding the Company's limit of liability, stated in Item 3 (A) of the Declarations, as a result of any one occurrence.

(b) In the event of reduction or exhaustion of the aggregate limits of liability under said underlying insurance by reason of losses paid thereunder, this policy shall, subject to the terms and conditions of the underlying insurance,

(1) in the event of reduction, pay the excess of the reduced underlying insurance,

or

(2) in the event of exhaustion, continue in force as underlying insurance.

(c) The Company's total limit of liability shall not exceed the amount stated in Item 3 (B) of the Declarations on account of all occurrences happening during each annual period commencing with the effective or anniversary date of this policy separately with respect to,

(1) payments made hereunder as losses by reason of the reduction or exhaustion of the aggregate limits of liability under the underlying insurances or,

(2) Products Liability, (if not subject to subsection (c) (1) above) or,

(3) Personal Injuries (fatal or non-fatal) by Occupational Disease sustained by any employee of the Insured (if not subject to subsection (c) (1) above) or,

(4) Occurrences not covered by underlying insurance (if not subject to subsection (c) (1) above)

3. Policy Period - Territory

This policy applies only to occurrences happening during the policy period anywhere in the world.

DEFINITIONS

1. Named Insured and Insured

(a) The words "Named Insured" wherever used in this policy includes, while operating as such, any subsidiary of the Named Insured and any other entity coming under the Named Insured's control over which it assumes active management.

(b) The unqualified word "Insured", wherever used in this policy, includes not only the Named Insured but also,

P1-40103-A

(1) any partner, executive officer, director, stockholder or employee of the Named Insured, while acting in his capacity as such. The insurance extended by this subdivision with respect to any person or organization other than the Named Insured, shall not apply to any employee with respect to injury to or the death of another employee of the same employer injured in the course of such employment;

(2) any entity included as an additional insured under the policies of underlying insurance, as set out in the attached schedule, but only for such coverage as is afforded to such additional insured under said scheduled underlying insurance.

2. **Personal Injuries**

The term "Personal Injuries" wherever used herein, shall mean:

Bodily Injury, Mental Injury, Mental Anguish, Shock, Sickness, Occupational Disease, Non-Occupational Disease, Disability, False Arrest, False Imprisonment, Wrongful Eviction, Wrongful Detention, Malicious Prosecution, Discrimination, Humiliation, Invasion of right of privacy, Libel, Slander or Defamation of Character;

except that which arises out of Advertising Liability.

3. **Property Damage**

The term "Property Damage", wherever used herein, shall mean direct or consequential damage to or destruction of tangible property, including the loss of use thereof.

4. **Advertising Liability**

The term "Advertising Liability" shall mean:

Libel, Slander, Defamation, Piracy, Invasion of Right of Privacy, Infringement of Copyright or of title or of slogan,

committed or alleged to have been committed in any advertisement, publicity article, broadcast or telecast and arising out of the Named Insured's advertising activities.

5. **Products Liability**

The term "Products Liability" means:

(a) Liability arising out of goods, products or structures manufactured, sold, handled, distributed or constructed by the Named Insured or by others trading under his name, if the occurrence happens after possession of such goods or products has been relinquished to others by the Named Insured or by others trading under his name and if such occurrence happens away from premises owned, rented or controlled by the Named Insured; provided such goods or products shall be deemed to include any

container thereof, other than a vehicle, but shall not include any vending machine or any property other than such container, rented to or located for use of others but not sold;

(b) Liability arising out of operations, including any act or omission in connection with operations performed by or on behalf of the Named Insured on the premises or elsewhere whether or not goods or products are involved in such operations, if the occurrence occurs after such operations have been completed or abandoned and occurs away from premises owned, rented or controlled by the Named Insured; provided operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to an agreement; provided further the following shall not be deemed to be "operations" within the meaning of this paragraph: (i) pick up or delivery, except from or onto a railroad car, (ii) the maintenance of vehicles owned or used by or in behalf of the insured, (iii) the existence of tools, uninstalled equipment and abandoned or unused materials.

6. Occurrence

The term "Occurrence" means an event or continuous or repeated exposure to conditions, which unexpectedly causes Personal Injury and/or Property Damage and/or Advertising Liability during the policy period. All such exposure to substantially the same general conditions existing at or emanating from each premises location shall be deemed one occurrence.

7. Ultimate Net Loss

The term "Ultimate Net Loss" shall mean the total sum which the Insured or any company as his insurer becomes obligated to pay by reason of Personal Injury or Property Damage or Advertising Liability claims, either through adjudication or compromise, and all sums paid for expense, including premiums for attachment or appeal bonds, in respect to litigation, settlement, adjustment and investigation of claims and suits which are paid as a consequence of any occurrence covered hereunder, excluding only the salaries of employees and office expenses of the Insured or of any underlying insurer or any other expenses which are recoverable through any other valid and collectible insurance.

8. Aircraft

The term "Aircraft" shall mean any heavier than air or lighter than air aircraft designed to transport persons or property.

## EXCLUSIONS

This policy shall not apply:

(a) to liability for assault and battery committed by or at the direction of the Insured except liability for Personal Injury or death resulting from any act alleged to be assault and battery committed for the purpose of preventing or eliminating danger in the operation of aircraft,

P1-40103-A

(b) to property damage intentionally caused by or at the direction of the Insured,

(c) to loss of use, destruction of, or damage to property owned by the Insured,

(d) to any obligation for which the Insured or any company as its insurer may be held liable under any Workmen's Compensation, unemployment compensation or disability benefits law provided, however, that this exclusion shall not apply to liability of others assumed by the Named Insured under contract or agreement,

(e) to claims made against the Insured:

(1) for damage to, including repair or replacement of, any defective product/s or structure/s manufactured, sold or supplied or constructed by the Named Insured or any defective part or parts thereof nor for the cost of such repair or replacement;

(2) for the loss of use of any such defective product/s or structure/s or part or parts thereof;

(3) for improper or inadequate performance, design or specification, but nothing herein contained shall be construed to exclude claims made against the Insured for personal injuries or property damage (other than damage to a product of the Insured) resulting from improper or inadequate performance, design or specification.

(f) as respects advertising activities, to claims made against the Insured:

(1) for failure of performance of contract;

(2) for infringement of trade-mark or trade name;

(3) for incorrect description of any article or commodity;

(4) for mistake in advertising price.

(g) I. Under any Liability Coverage, to injury, sickness, disease, death or destruction

(a) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required

to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

II. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to immediate medical or surgical relief, to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

III. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

(a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

(b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

(c) the injury, sickness, disease, death, or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

IV. As used in this Policy:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or byproduct material;

"source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing byproduct material

P1-40103-A

and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

(h) to any liability of the Insured directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign enemies, hostilities, (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction of or damage to property by or under the order of any government or public or local authority.

## CONDITIONS

1. Premium Computation

The deposit premium stated in the declarations is an advance premium only unless otherwise specified. Upon termination of this policy, the earned premium shall be computed in accordance with the rates and minimum premium applicable to this insurance as stated in the Declarations. If the earned premium thus computed exceeds the advance premium paid, the Named Insured shall pay the excess to the Company; if less, the Company shall return to the Named Insured the unearned portion paid by such Insured. The Named Insured shall maintain records of the

P1-40103-A

information necessary for premium computation on the basis stated in the Declarations and shall send copies of such records to the Company at the end of the policy period or at such time during the policy period as the Company may direct.

2. Additional Insureds

In the event of additional Named Insureds being added hereunder, in accordance with the provisions of Definition 1 (a), prompt notice shall be given to the Company.

3. Prior Insurance and Non-Cumulation of Liability

It is agreed, that if any loss is also covered in whole or in part under any other excess policy issued to the insured prior to the inception date hereof, the Company's limit of liability as stated in Item 3 of the Declarations shall be reduced by any amounts due to the Insured on account of such loss under such prior insurance.

4. Severability of Interest

In the event of claims being made by reason of Personal Injuries and/or Property Damage and/or Advertising Liability suffered by one Insured herein for which another Insured herein is or may be liable, this policy shall cover such Insured against whom a claim is made or may be made in the same manner as if separate policies had been issued to each Insured herein. Nothing contained herein shall operate to increase the Company's limit of liability as set forth in Insuring Agreement 2.

5. Notice of Occurrence

Whenever the Insured has information from which the Insured may reasonably conclude that an occurrence covered hereunder involved injuries or damages which, in the event that the Insured should be held liable, is likely to involve this Policy, notice shall be sent to the Company as soon as practicable, provided however, that failure to notify the Company of any occurrence which at the time of its happening did not appear to involve this policy, but which at a later date would appear to give rise to claims hereunder, shall not prejudice such claims.

6. Inspection and Audit

The Company shall be permitted at all reasonable times during the policy period to inspect the premises, plants, machinery and equipment used in connection with the Insured's business, trade or work, and to examine the Insured's books and records at any time during the policy period and any extension thereof and within three years after the final termination of this policy, as far as they relate to the premium computation or the subject matter of this insurance.

7. Maintenance of Underlying Insurances

The policy or policies referred to in the attached "Schedule of Underlying Insurances", and renewal or replacements thereof not more restrictive, shall be maintained by the Named Insured without alteration of terms or conditions in

full effect during the currency of this policy except for any reduction of the aggregate limit or limits contained therein solely by payment of claims in respect of occurrences happening during the currency of this policy.

Failure of the Named Insured to comply with the foregoing shall not invalidate this policy but, in the event of such failure, the Company shall only be liable to the same extent had the Named Insured complied with this condition

8. Assistance and Cooperation

The Company shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceedings instituted against the Insured, but the Company shall have the right and shall be given the opportunity to associate with the Insured or the Insured's underlying insurers, or both, in the defense and control of any claim, suit or proceeding relative to an occurrence where the claim or suit involves, or appears reasonably likely to involve, the Company, in which event the Insured, the underlying insurers and the Company shall cooperate in all things in the defense of such claim, suit or proceeding.

9. Appeals

In the event the Insured or the Insured's underlying insurer(s) elects not to appeal a judgment in excess of the underlying limits, the Company may elect to make such appeal at its cost and expense and shall be liable for the taxable costs and disbursements and interest incidental thereto, but in no event shall the liability of the Company for ultimate net loss exceed the amount set forth in Insuring Agreement 2 for any one occurrence and in addition the cost and expense of such appeal.

10. Loss Payable

Liability under this policy with respect to any occurrence shall not attach unless and until the Insured, or the Insured's underlying insurers, shall have paid the amount of underlying limits on account of such occurrence. The Insured shall make a definite claim for any loss for which the Company may be liable under the policy within twelve (12) months after the Insured shall have paid an amount of ultimate net loss in excess of the amount borne by the Insured or after the Insured's liability shall have been fixed and rendered certain either by final judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company. If any subsequent payments shall be made similarly from time to time, such losses shall be due and payable within thirty (30) days after proof of loss has been furnished to the Company in a satisfactory form.

11. Other Insurance

If other collectible insurance with any other insurer is available to the Insured covering a loss also covered hereunder, this insurance shall be in excess of, and shall not contribute with such other insurance. Excess insurance over the limits of liability expressed in this policy is permitted without prejudice to this insurance and the existence of such insurance shall not reduce any liability under this policy.

12. Application of Salvages - Subrogation

All salvages, recoveries or payments recovered or received subsequent to a loss

settlement under this insurance shall be applied as if recovered or received prior to such settlement and all necessary adjustments shall then be made between the Insured and the Company, provided always that nothing in this clause shall be construed to mean that losses under this insurance are not recoverable until the Insured's ultimate net loss has been finally ascertained.

Inasmuch as this policy is "Excess Coverage", the Insured's right of recovery against any person or other entity cannot always be exclusively subrogated to the Company. It is, therefore, understood and agreed that in case of any payment hereunder, the Company shall act in concert with all other interests (including the Insured) concerned, in the exercise of such rights of recovery. The apportioning of any amounts which may be so recovered shall follow the principle that any interests (including the Insured) that shall have paid an amount over and above any payment hereunder, shall first be reimbursed up to the amount paid by them; the Company shall then be reimbursed out of any balance then remaining up to the amount paid hereunder; lastly, the interests (including the Insured) of whom this coverage is in excess are entitled to claim the residue, if any. Expense necessary to the recovery of any such amounts shall be apportioned between the interests (including the Insured) concerned, in the ratio of their respective recoveries as finally settled.

13. Changes

Notice to or knowledge possessed by any person shall not effect a waiver or change in any part of this policy or stop the Company from asserting any rights under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part hereof. signed by an authorized representative of the Company.

14. Assignment

Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon; if, however, the Named Insured shall be adjudged bankrupt or insolvent, this policy shall cover the Named Insured's legal representative as Named Insured; provided that notice of cancellation addressed to the Insured named in the Declarations and mailed to the address shown in this policy shall be sufficient notice to effect cancellation of this policy.

15. Cancellation

This policy may be cancelled by either of the parties by mailing written notice to the other party stating when, not less than thirty (30) days thereafter, cancellation shall be effective. The mailing of notice as aforesaid by the Company to the Insured at the address shown in the policy shall be sufficient proof of notice and the insurance under this policy shall end on the effective date and hour of cancellation stated in the notice.

Delivery of such written notice whether by the Insured or by the Company shall be equivalent to mailing. If the Company cancels, earned premium shall be computed pro rata. If the Insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedures.

Premium adjustment may be made at the time cancellation is effected and, if not

by then made, shall be made as soon as practicable after cancellation. The Company's check or the check of its representative mailed or delivered as aforesaid shall be sufficient tender of any refund of premium due to the Insured.

If this policy insures more than one Named Insured, cancellation may be effected by the first of such Named Insureds for the account of all the Named Insureds; notice of cancellation by the Company to such first Named Insured shall be deemed to be notice to all Insureds and payment of any unearned premium to such first Named Insured shall be for the account of all interests therein.

15. Bankruptcy and Insolvency

In the event of the bankruptcy or insolvency of the Insured or any entity comprising the Insured, the Company shall not be relieved thereby of the payment of any claims hereunder because of such bankruptcy or insolvency.

IN WITNESS WHEREOF, the CONTINENTAL CASUALTY COMPANY has caused this policy to be signed by its president and secretary, at Chicago, Illinois, but the same shall not be binding upon the company unless countersigned on the declarations page by a duly authorized agent of the company.

_Secretary_          _President_

P1-10103-A

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ **COMPREHENSIVE GENERAL LIABILITY INSURANCE**
☐ **COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE**
☐
☐

In consideration of the premium charged, it is understood and agreed that item # 1 of the Declarations is completed as follows:

## Named Insured

International Business Machines Corporation, and any other subsidiary or affiliated corporation provided such other subsidiary or affiliated corporation warrants that it is under the same operative and financial control through the identity of its officers, directors or stockholders and any employee associations thereof excluding the interest of the Service Bureau Corporation.

This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 1 | RDU 9433884 | | |

 CONTINENTAL NATIONAL AMERICAN GROUP

Blank Endorsement
G-31821-A

Countersigned by_____
Licensed Resident Agent

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ COMPREHENSIVE GENERAL LIABILITY INSURANCE
☐ COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
☐
☐

## SCHEDULE OF UNDERLYING INSURANCE

| COMPANY | COVERAGE | LIMITS OF LIABILITY |
|---|---|---|
| Zurich Ins. Company Including medical malpractice, Personal Injury Coverages A,B, C with exclusion D deleted Care, Custody & Control | Comprehensive General Liability | **Bodily Injury**<br>$ 500,000. each person<br>1,000,000. each occurrence<br>1,000,000. aggregate products<br>**Property Damage**<br>$100,000. each occurrence<br>100,000. aggregate product |
| USAIG | Owned and Non-Owned Aircraft Liability Including Passenger Liability | $10,000,000. |
| Continental Insurance Co. | Boiler Liability | $40,000,000. Property Damag |
| Seaboard Surety | Advertisers Liability | $750,000. |
| Ins. Co. of North America | Airport Liability | $2,000,000. |
| Liberty Mutual | Employers Liability | $100,000. |

### FOREIGN COVERAGES

| | | |
|---|---|---|
| Zurich Ins. Co. | Comprehensive General Liability | **Bodily Injury**<br>$ 500,000.<br>1,000,000.<br>**Property Damage**<br>$100,000. |

This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 2 | RDU 9433884 | | |

 CONTINENTAL NATIONAL AMERICAN GROUP

**Page 1 (Continued)**

Blank Endorsement
G-31821-A

Countersigned by_____

Licensed Resident Agent

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ COMPREHENSIVE GENERAL LIABILITY INSURANCE
☐ COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
☐
☐

## SCHEDULE OF UNDERLYING INSURANCE (CONTINUED)

| COMPANY | COVERAGE | LIMITS OF LIABILITY |
|---|---|---|
| St. Paul Mercury | Automobile Liability (Cars located in South Korea) | Bodily Injury $ 100,000. 1,000,000. Property Damage $ 100,000. |
| Great American | Automobile Liability (Cars located in Guam) | $1,000,000. Combined Single Limit, Bodily Injury and Property Damage |
| Fireman's Fund | Automobile Liability (Cars located in South Vietnam) | Bodily Injury $ 100,000. 1,000,000. Property Damage $100,000. |
| Zurich Ins. Co. | Public Liability (Laboratory in Switzerland) | Bodily Injury $58,005. 116,010. Property Damage $23,202. |

### I.B.M. WORLD TRADE CORP.

| | | |
|---|---|---|
| Zurich Ins. Co. | Comprehensive General Liability Including Automobile Liability | Bodily Injury $ 500,000. each person 1,000,000. each occurrence 1,000,000. aggregate products Property Damage $100,000.each occurrence 100,000.aggregate operation 100,000.aggregate protectiv 100,000.aggregate products 100,000.aggregate contractu |

This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 2 | RDU 9433884 | | |

 CONTINENTAL NATIONAL AMERICAN GROUP

**Page 2(Continued)**

Countersigned by_____

Blank Endorsement
G-31821-A

Licensed Resident Agent

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ COMPREHENSIVE GENERAL LIABILITY INSURANCE
☐ COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
☐
☐

## SCHEDULE OF UNDERLYING INSURANCE (CONTINUED)

| COMPANY | COVERAGE | LIMITS OF LIABILITY |
|---|---|---|
| Liberty Mutual Ins. Co. | Employers Liability | $100,000. |
| Federal Ins. Co. | Airport Liability | $2,000,000. In France |
| Federal Ins. Co. | Airport Liability (Aero Command ) | $10,000,000. In France |

This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 2 | RDU 9433884 | | |

**✝CNA** *CONTINENTAL NATIONAL AMERICAN GROUP*
**Page 3**

Blank Endorsement
G-31821-A

Countersigned by_____
Licensed Resident Agent

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ COMPREHENSIVE GENERAL LIABILITY INSURANCE
☐ COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
☐
☐

In consideration of the premium charged, it is understood and agreed that definition I (b) (1) is amended to read as follows:

"Any partner, executive officer, officer, director, stockholder or employee of the Named Insured, while acting in his capacity as such."

It is further agreed that the defintion of occurrence found in the policy form is replaced in its entirety by the following definition:

The term "occurrence" means an event or a continuous or repeated exposure to conditions, which results in Personal Injury and/or Property Damage and/or Advertising Liability and such injuries are neither expected nor intended by the Insured. All such exposure to substantially the same general conditions existing at or emanating from each premises location shall be deemed one occurrence.

If the scheduled underlying insurance contains an applicable definition of occurrence which is broader than the above definition of occurrence, the applicable underlying definition of occurrence shall replace the above definition of "occurrence"

This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| *Must Be Completed* | | *Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy* | |
| --- | --- | --- | --- |
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 3 | RDU 9433884 | | |

 CONTINENTAL NATIONAL AMERICAN GROUP

Blank Endorsement
G-31821-A

Countersigned by_____
Licensed Resident Agent

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ COMPREHENSIVE GENERAL LIABILITY INSURANCE
☐ COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
☐
☐

NO CODING REQUIRED

RECEIVED
APR 5 1968
CANCELLATION DEPT.

## NON-MONEY

It is understood and agreed that as respects aircraft liability only, the underlying limit of liability with respect to each occurrence happening in Yugoslovia is reduced to $1,000,000. This reduction of limit shall not apply to a claim arising out of an occurrence happening in Yugoslovia, if all judicial proceedings leading to judgment against the Insured with respect to such claim are conducted by or under the supervision of a court of any other nation included in the territorial limit of this policy.



This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 4 | RDU 9433884 | | |

**CNA** *CONTINENTAL NATIONAL AMERICAN GROUP*

Countersigned by _____
Licensed Resident Agent

· Endorsement
21-A

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ COMPREHENSIVE GENERAL LIABILITY INSURANCE
☐ COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
☐
☐

It is understood and agreed that as respects aircraft liability only, the underlying limit of liability with respect to each occurrence happening in Yugoslovia is reduced to $1,000,000. This reduction of limit shall not apply to a claim arising out of an occurrence happening in Yugoslovia, if all judicial proceedings leading to judgment against the insured with respect to such claim are conducted by or under the supervision of a court of any other nation included in the territorial limit of this policy.

This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 4 | RDU 9433884 | | |

 CONTINENTAL NATIONAL AMERICAN GROUP

Blank Endorsement
G-31821-A

Countersigned by_____
Licensed Resident Agent

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ **COMPREHENSIVE GENERAL LIABILITY INSURANCE**
☐ **COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE**
☐
☐

In consideration of the premium charged, it is agreed that coverage is afforded by this policy for I.B.M. World Trade Corporation:

(1) as respects operations within the Territorial limits of the United States of America.

(2) as respects products world wide.

(3) as respects Aircraft Liability and Airport Liability.

This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | | |
|---|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 5 | RDU 9433884 | | | |

 **CONTINENTAL NATIONAL AMERICAN GROUP**

Blank Endorsement
G-31821-A

Countersigned by_____

Licensed Resident Agent

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ **COMPREHENSIVE GENERAL LIABILITY INSURANCE**
☐ **COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE**
☐
☐

In consideration of the premium charged, it is understood and agreed that the following exclusions are added to the policy to which this endorsement is attached:

(I) except insofar as coverage is available to the Insured under the underlying Insurance, as set out in the attached schedule, to liability arising out of Advertisers Liability, Aircraft Liability, and Airport Liability.

(J) except insofar as coverage is available to the Insured in the Underlying General Liability Insurance policy as set out in the attached schedule, this policy shall not apply to any error or omission arising out of data processing services for others.

This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 6 | RDU 9433884 | | |

 **CNA** CONTINENTAL NATIONAL AMERICAN GROUP

Blank Endorsement
G-31821-A

Countersigned by_____
Licensed Resident Agent

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ **COMPREHENSIVE GENERAL LIABILITY INSURANCE**
☐ **COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE**
☐
☐

In consideration of the premium charged, it is understood and agreed that Condition 2 of the Policy Conditions is amended as follows:

"In the event of the additional insureds being added to the coverage during the policy period, prompt notice shall be given to the Company. However, as respects "dummy corporations", non-notification does not alter or invalidate our insurance."

This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 7 | RDU 9433884 | | |

 **CNA** *CONTINENTAL NATIONAL AMERICAN GROUP*

Blank Endorsement
G-31821-A

Countersigned by _____
**Licensed Resident Agent**

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ COMPREHENSIVE GENERAL LIABILITY INSURANCE
☐ COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
☐
☐

It is understood and agreed that the following wording is made a part of the policy.

"Notwithstanding anything to the contrary contained in any provision of the policy to which this endorsement is attached, it is understood and agreed that the combined total limit of liability provided under the policy to which this endorsement is attached and policy RD 9433889 shall not exceed $2,000,000, as a result of any single accident or occurrence or series of occurrences attributable to a common cause, and the limit of liability under the policy to which this endorsement is attached shall be reduced by any amounts payable under policy RD 9433889 as a result of said accident or occurrence or series of occurrences.

It is also understood and agreed that the annual aggregate limit under the policy to which this endorsement is attached and policy RD 9433889 shall not exceed a combined total limit of liability of $2,000,000, during any annual period, and the annual aggregate limit of liability under the policy to which this endorsement is attached shall be reduced by any amounts payable under policy RD 9433889."

All other terms and conditions remain unchanged.

This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 8 | RDU 9433884 | | |

**CNA** CONTINENTAL NATIONAL AMERICAN GROUP

Blank Endorsement
G-31821-A

Countersigned by_____
Licensed Resident Agent

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ COMPREHENSIVE GENERAL LIABILITY INSURANCE
☐ COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
☐
☐

"In the event of reduction or exhaustion of the aggregate limit or limits designated in the underlying policy or policies solely by payment of losses in respect to occurrences during the period of such underlying policy or policies, it is understood and agreed that such insurance as is afforded by this policy shall apply in excess of the reduced underlying limit or, if such limit is exhausted, shall apply as underlying insurance. But nothing contained in this endorsement shall be construed to provide insurance for occurrences which do not take place during the period this policy is in effect.

Anything inconsistent with the terms of this endorsement in Insuring Agreement 2(b) or 2 (c) or Condition 7 of the policy does not apply except that this endorsement shall not operate to increase the limit of liability shown in Item 3(b) of the Declarations."

This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 9 | RDU 9433884 | | |

 CONTINENTAL NATIONAL AMERICAN GROUP

Blank Endorsement
G-31821-A

Countersigned by_____
Licensed Resident Agent

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

## (Broad Form)

It is agreed that the policy does not apply:

I. Under any Liability Coverage, to injury, sickness, disease, death or destruction

    (a) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

    (b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

II. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to immediate medical or surgical relief, to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

III. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

    (a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

    (b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured, or

    (c) the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

IV. As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or byproduct material;

"source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

    (a) any nuclear reactor,

(v) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(vi) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

This endorsement forms a part of and is for attachment to the following described policy and takes effect and expires concurrently with said policy:

ENDORSEMENT NO. **10**

| POLICY NO. | COMPANY | ISSUED TO | EFFECTIVE DATE |
|---|---|---|---|
| RDU 9433884 | Continental Casualty Co. | International Business Machines Corp etal | 11/1/67 |

Countersigned by _____
LICENSED RESIDENT AGENT

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ COMPREHENSIVE GENERAL LIABILITY INSURANCE
☐ COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
☐
☐

## NEW YORK ENDORSEMENT

**1.** **The following exclusion is added to the policy:**

"This policy does not apply to liability arising out of the violation of a statute or regulation of the State of New York prohibiting discrimination because of race, creed, color or national origin."

**2.** **The provisions of the condition of the policy entitled "Notice of Occurrence" are replaced by the following:**

"Notice of any accident or occurrence,which appears likely to involve this policy,shall be given by or for the insured to the company or any of its authorized agents as soon as practicable, provided, however, that failure to notify the Company or any of its authorized agents of any occurrence which at a later date would appear to give rise to claims hereunder, shall not prejudice such claims."

**3.** **The following condition is added to the policy:**

"Any provision in the policy to the contrary notwithstanding, any person or organization or the legal representative thereof who has secured a judgment against the insured shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendent in any action against the insured to determine the insured's liability."

This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | | |
|---|---|---|---|---|
| ENDT NO | POLICY NO. | ISSUED TO | | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 11 | RDU 9433884 | | | |

**CNA** *CONTINENTAL NATIONAL AMERICAN GROUP*

Blank Endorsement
G-31821-A

Countersigned by_____
Licensed Resident Agent

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ **COMPREHENSIVE GENERAL LIABILITY INSURANCE**
☐ **COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE**
☐
☐

In consideration of the premium charged, it is understood and agreed that this policy excludes coverage for foreign operations outside the Territorial Limits of the United States of America except as follows:

1. Aircraft Liability
2. Airport Liability
3. Products Liability
4. Activities of employees of International Business Machines working in their capacity as such, while working outside the United States.

This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| *Must Be Completed* | | *Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy* | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 12 | RDU 9433884 | | |


**CNA** CONTINENTAL NATIONAL AMERICAN GROUP

Blank Endorsement
G-31821-A

Countersigned by_____
Licensed Resident Agent

Johnson & Higgins
030-034344
150

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ COMPREHENSIVE GENERAL LIABILITY INSURANCE
☐ COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
☒ Unbrella Excess Third Party Liability Policy
☐

HOME OFFICE

MAR 2 8 1968

# NO CODING REQUIRED

In consideration of the premium charged, it is understood and agreed that in view of Endorsement #4 being eliminated from the policy the following sequence is amended as follows:

Previous Endt. #5 is amended to Endt. #4

Previous Endt. #6 is amended to Endt. #5

Previous Endt. #7 is amended to Endt. #6

Previous Endt. #8 is amended to Endt. #7

Previous Endt. #9 is amended to Endt. #8

Previous Endt. #10 is amended to Endt. #9

Previous Endt. #11 is amended to Endt. #10

Previous Endt. #12 is amended to Endt. #11

This endorsement forms a part of and is for attachment to the following described policy issued by the CONTINENTAL NATIONAL AMERICAN GROUP company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 12 | RDU 9*33884 | International Business Machine Corp. | 11-1-67 |

 CNA CONTINENTAL NATIONAL AMERICAN GROUP

Blank Endorsement
G-31821-A

Countersigned by_____
Licensed Resident Agent

ja Johnson & Higgins 030-034344
15

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following designated insurance:

☐ COMPREHENSIVE GENERAL LIABILITY INSURANCE
☐ COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
☒ Umbrella Excess Third Party Liability Policy
☐

REGIONAL PROCESSING CENTER

L. C. BATCH

MAR 18 '69

A.P. $100.00

In consideration of an additional premium of $100.00, it is agreed that the policy is extended to include only the interest of International Business Machine Corporation in the construction of a new building in Chicago, Illinois. Primary Insurance on this Wrap-Up is provided by the following carriers:

| Coverage | Carrier | Underlying Limits |
|---|---|---|
| Comprehensive General Liability | Royal Globe | **Bodily Injury** <br> $ 500,000 each person <br> 1,000,000 each occurrence <br> 1,000,000 aggregate products <br> **Property Damage** <br> $ 500,000 each occurrence <br> 500,000 aggregate |
| Excess Comprehensive General Liability Excess of Limits Above | Home Ins. Co. | **Bodily Injury** <br> $ Nil each person <br> 1,000,000 each occurrence <br> 1,000,000 aggregate products <br> **Property Damage** <br> $ 500,000 each occurrence <br> 500,000 aggregate |

This endorsement forms a part of and is for attachment to the following described policy issued by the CNA/INSURANCE company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | | |
|---|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 13 | RDU 943 38 84 | International Business Machines Corp. | | 12/26/68 |

**CNA/insurance**

Blank Endorsement
G-31821-A

Countersigned by _____

HOME OFFICE COPY

Licensed Resident Agent

This endorsement modifies such insurance as is afforded by the provisions of †
relating to the following designated insurance:

☐ COMPREHENSIVE GENERAL LIABILITY INSURANCE
☐ COMPREHENSIVE AUTOMOBILE LIABILITY INSURANCE
☒ UMBRELLA EXCESS THIRD PARTY LIABILITY
☐

Johnson & Higgins 030-034344

A. P. $178



NEW YORK BRANCH

030 N208    NOV 12 70

In consideration of an additional premium of $178, it is
agreed that Item #2, Expiration Date is amended to read:

November 5th, 1970

This endorsement forms a part of and is for attachment to the following described policy issued by the CNA/INSURANCE company
designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in
said policy and expires concurrently with said policy.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | | |
|---|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 14 | RD | International Business Machines Corp. Etal. | | 11/1/70 |

**CNA**/insurance

11/11/70 CGG.

Blank Endorsement    11-1-67/70
G-31821-A

Countersigned by _____

HOME OFFICE COPY    Licensed Resident Agent